Parsons, C. J.
This action is in a plea of covenant broken, in which the plaintiffs declare on a lease made by the defendant to them of a brick store in State Street, in Boston, with the appurtenances, for five years from the 8th day of September, 1804, and they aver that the defendant covenanted with them, that they should hold and occupy the demised premises during that term; and that within the term the selectmen of Boston, pursuant to the statute of 1799, c. 31, in widening State Street, laid a part of that street over the demised premises, by reason of which the public became en titled to an easement in the same as a town way; and so the plain *204 tiffs could not hold and occupy it agreeably to the covenant. In describing the allegation of the breach, I have adopted the legal inference from the facts alleged. The defendant, after having oyer of the lease, demurs generally, and the plaintiffs join in the demurrer.
Two questions are made — whether the covenant shown in the declaration is contained in the lease; and if it is, whether the widening of the street by the selectmen of Boston is a breach of this covenant.
[ * 250 ] * After this clause of demise, the words of the lease,
so far as they apply to the first question, are, “ and the said Welch does agree that the said Jonathan Ellis and Luther Ellis shall hold and occupy the same for the term of five years from,” &c. These words, in our opinion, amount to a general covenant for quiet enjoyment during the term, and sufficiently main tain that part of the declaration in which the covenant is alleged.
The next question is, if the widening of State Street in this manner is a breach of this covenant. As no authorities in point are cited, the question must be decided on general principles.
All deeds are to be construed agreeably to the intent of the parties; and in a lease or conveyance containing a general covenant for quiet enjoyment, it must be presumed that the parties had »n view evictions, entries, or disturbances, to be made by virtue only of existing rights, and not of rights afterwards to be acquired ; for these it cannot be presumed, from the general words of the covenant, were contemplated. Now, the interruption complained of is an easement acquired by the public after the execution of the lease. And the authority of the selectmen to locate and establish a town way when necessary, cannot be considered as an existing encumbrance. Neither can the prerogative of the public to convenient ways on the lands of individuals be deemed an existing right, within the intention of the parties to the lease. For the lessor holds his land subject to this prerogative; and so also do the lessees their term, because it is one of the incidents of the tenure, by which all the lands in the state are holden. A covenant against the exercise of this prerogative would be a covenant, not against any existing right or interest in the land, but against a naked possibility.
To support the presumption that a general covenant for quiet enjoyment extends only to rights then existing, the case of the Executors of Grenelife vs. W--, in Dyer, 43, b, is applicable. It was there holden, by all the judges, that [*251 ] *when a man binds himself and his heirs to warranty, they are not bound to warrant against new titles aris *205 mg through the feoffee, or any other person, after the warranty is made.
Upon this general principle, it appears to us that there is no breach of the general covenant for quiet enjoyment, well and sufficiently assigned. — But as the case is new, it has been the subject of our further consideration.
To guard the citizen from any oppressive consequences of the prerogative we have noticed, the tenth article of the declaration of rights provides “ That whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor.” In conformity to this just and equitable provision, the statute of 1786, c. 67, ■§> 1, defining the manner in which town ways, when necessary, may be located and established, has provided that the owner of the land covered by the location may recover of the town where the way is established, a reasonable compensation for the damage, to be estimated by a jury.
Now, any person having an interest in the land, either as lessee for years, tenant for life, or for any greater estate of freehold, as also he in reversion or remainder, is an owner within the provision of this section ; because, being within the mischief, he is within the remedy. If there was any doubt, the change of phraseology in the fourth section would remove it. For in that section, compensation for damage in laying out a public highway is provided expressly for any person damaged in his property by the location. And, for the same reason, the provision made in the statute of 1799, c. 31, for the owner or owners of buildings, must have the same construction ; and the lessee, as also his landlord, are each one entitled to compensation, according to the nature and magnitude of the damages he may sustain by the widening of any street.
In this case, therefore, the plaintiffs have no occasion to resort to the defendant for recompense, as the same law * by which the easement, of which they complain, is [ * 25£ ] authorized, has provided for them a remedy against the town; and such a construction of the lease, as would give the lessees another remedy against the lessor, who is a fellow-sufferer with them, is unnecessary and unreasonable.
This conclusion is supported in principle by the cases deciding that a general covenant in a lease for quiet enjoyment extends only to entries and interruptions by those who have lawful title, but not by wrong-doers; for the tenant has his remedy by action for all tortious entries and disturbances, (2) Now, the reason of this *206 distinction applies with great force to the present case. For the plaintiffs have an adequate remedy, for the interruption alleged, against those for whom the easement is acquired. Indeed, this case is not to be distinguished in principle from a feoffment in fee of land, with a general covenant against encumbrances and for quiet enjoyment. And although the feoffor is answerable for existing encumbrances, by ways established at the time of the feoffment, yet it has never been attempted to charge him on his covenant for ways afterwards located; but the feoffee is left to the remedy provided for him by the statutes in such cases provided.
Upon the whole, we are satisfied that the declaration before us is bad, because no breach of the covenant is therein legally assigned. (3)

Judgment must be rendered, that the plaintiffs take nothing by their writ, and that the defendant recover his costs.

 3 D & E. 584. — Hob 24, Tisdale vs. Sir W. Essex.

 [See Patterson vs. The City of Boston, 20 Pick 165. — Parks vs The City of Boston, 15 Pick. 198. — Ed.]