Hubbakd, J.
This is an indictment for a nuisance in a highway in the town of Warwick, occasioned by the act of the defendant, in erecting a dam across a stream of water, in consequence of which the highway was overflowed.
The defendant justifies the act complained of, because there existed a right to overflow the land, prior to the laying out of the way. That such a right once existed is not denied; but it appears that, at the time of laying out the way, the dam, formerly erected to raise the head of water, had gone to decay, and there was then no flowing of the land taken for the road. The laying out of the highway, in the manner in which it was *437 laid out, was therefore a legal act, as no watercourse was pent up; and the party then enjoying the right to flow was entitled to compensation in damages, for the injury sustained by him, provided he preferred his claim within twelve months. And we must presume he either recovered his damages or waived them, or otherwise lost his right to claim them, by his own neglect. Ellis v. Welch, 6 Mass. 251. Goddard v. City of Boston, 20 Pick. 407. When, therefore, the defendant purchased the estate in 1841, the town or county had previously acquired an easement over the land, by the laying out and maintenance of the highway. Now, there cannot be two adverse easements existing at the same time, the enjoyment of one of which will interrupt or destroy the other; but one of them must necessarily be suspended or defeated; and that which is prior in time is better in right. And here, owing to the neglect of former owners, the public had acquired a right prior to the defendant. Whatever his rights might be, as against surrounding proprietors, if the road was discontinued, yet while it remains, the act of the defendant is a violation of the easement, and is a nuisance which cannot be justified. Perley v. Chandler, 6 Mass. 456. Commonwealth v. Stevens, 10 Pick. 247.
It is not necessary, therefore, to inquire into the fact whether the right to overflow this land had been abandoned by former proprietors, as alleged by the counsel for the government; though such rights may be abandoned; French v. Braintree Manuf. Co. 23 Pick. 216; Fitch v. Stevens, 4 Met. 428; nor whether the right of the defendant, if it exists, was acquired by grant or prescription; the fact being of no importance in this case, as the government has, in the exercise of the right to take private property for public uses, acquired an easement over the premises, which the defendant cannot lawfully disturb. The verdict against the defendant was therefore right, and sen tence must follow it.