LAURA S. HOLLENBECK, executrix, *vs.* PATRICK McDONALD.

A. leased to B. a spring of water with a right of entering upon the land of A., upon which the spring was situated, to repair an aqueduct and conduct the water of the spring into the aqueduct, for the term of nine hundred and ninety-nine years; B. leased to C., his heirs and assigns, an undivided half of the spring with the right of taking the water in the aqueduct to the land of C. for the same term. In an action by a subsequent owner of the land upon which the spring was situated, who made title through conveyances in which no mention was made of the easement, against a subsequent owner of C.'s land, to which the aqueduct led, and who also made title through conveyances in which no mention was made of the easement, for entering upon the first mentioned land and repairing the aqueduct: *Held*, that the lease from A. to B. conveyed a right in the aqueduct; that this right under the Gen. Sts. *c.* 90, §§ 20, 21, for the purpose of assignment, was an estate in fee simple, although the lease contained no words of limitation to heirs and assigns, and did not run to executors and administrators ; that the lease from B. to C. conveyed an undivided half of the same right; and that a conveyance by C. of his land to which the aqueduct was laid passed the right to the aqueduct and water without mention being made of it.

TORT for trespass in forcibly entering the close of Octavius J. Hollenbeck, digging a ditch and laying an aqueduct from the spring there, to the defendant's premises, and taking the water by means of the aqueduct.

Trial in the Superior Court before *Dewey*, J., who reported the case as follows :

" It appeared that George Tyler conveyed the premises where the spring is situated, to Hiram Pomeroy, November 3, 1834. Pomeroy conveyed the same to Hubbard Fox, March 16, 1837. Fox died seised of, and his heirs conveyed the same to Edward Dorr, and Dorr conveyed the same to Hollenbeck, April 24, 1856. No mention is made of the spring in any of the deeds, excepting that of Dorr to said Hollenbeck, where it is mentioned in these words : ' The above premises are subject to a claim of George Tyler on a certain spring on said land.'

" It appeared that the aqueduct being out of repair the defendant entered the premises on the line of the aqueduct, and after having been forbidden by the plaintiff, dug a ditch to the logs of the aqueduct, repaired it, and caused the water to flow through it to the defendant's premises, as it had previously done and in doing this he did no unnecessary acts or damage.

" It appeared that the aqueduct was originally laid from the spring to the defendant's premises in 1832, and that the water has run there ever since, with the exception of some interruptions from defects in the aqueduct or from freezing, and that it was laid under some verbal agreement with and by license from George Tyler, who then owned the plaintiff's premises, to Romiro Bristol, who then owned the defendant's premises ; that March 25, 1837, Hubbard Fox, who had March 16, 1837, become the owner of the plaintiff's premises, let to Tyler the spring, by a lease of which the following is a part : ' The said Fox doth hereby lease, demise and let unto George Tyler, of said West Stockbridge, the spring of soft water situated on the house lot of said Hubbard Fox, in the village of West Stockbridge, the water of which is now taken in an aqueduct on to Romiro Bristol's lot, together with the right of entering upon the house lot of said Fox aforesaid, to repair and lay anew said aqueduct, from time to time, and clean out and build and maintain the curb or well around said spring, and to cover over and secure the water of the same in a proper manner so as to preserve the same, and conduct the water into the aqueduct leading thereto ; to have and to hold the rights and privileges aforesaid, for the term of nine hundred and ninety-nine years from the day of the date hereof.'

" May 2, 1839, Tyler made a lease to Romiro Bristol, of which the following is an extract : ' unto said Romiro Bristol, and to his heirs and assigns forever, one equal undivided half of the spring of soft water situate on the house lot of Hubbard Fox, the same which Hubbard Fox leased to said Tyler, together with the right in connection with said Tyler, his heirs and assigns, of taking the water from said spring in pipes or aqueducts across the land of said Fox, agreeable to the right which said Fox leased to said Tyler, to hold for the term of nine hundred and ninety-nine years.'

" The defendant proved his title through several conveyances to Bristol, in none of which is any mention made of the spring or aqueduct. It appeared that the defendant had occupied the premises he now owns for the last sixteen years ; until January 22, 1863, under an agreement for a deed, and under his deed since that date.

" It appeared on the part of the plaintiff that Tyler conveyed to the plaintiff by deed May 1, 1858, all the rights he then or ever had to the spring under the lease of Fox to Tyler, and that Tyler died December 13, 1868.

" The defendant justified his entry and his acts in relation to the aqueduct under his title and rights derived from the leases of Fox to Tyler, and of Tyler to Bristol.

" The plaintiff claimed that the lease of Fox to Tyler conveyed a life estate only, and that on his death all of the rights granted thereby became extinguished and reverted to and became vested in the plaintiff, the then owner of the soil, and that though the lease of Tyler to Bristol purports to be to Bristol, his heirs and assigns forever, that Tyler could demise no greater interest than he himself held under the lease of Fox to himself."

There being no questions of fact upon which either party desired a finding by the jury, the questions of law arising upon the report were by the consent of the parties reported for the determination of this court. If upon the facts stated the plaintiff was entitled to maintain the action, judgment was to be entered for him for five dollars damages, otherwise judgment was to be entered for the defendant.

*W. C. Spaulding*, for the plaintiff.

*A. J. Waterman*, for the defendant.

GRAY, C. J. The terms of the lease from Fox to Tyler clearly included a right in the aqueduct through which the water was taken, as well as in the water itself.

By the common law, a lease of real estate for nine hundred and ninety-nine years, as for any less time, creates but a chattel interest, requires no words of limitation to heirs and assigns, and need not run to executors and administrators. Shep. Touchst. 76. *Gay, petitioner*, 5 Mass. 419. *Chapman* v. *Gray*, 15 Mass. 439, 445. Our statutes providing that so long as fifty years of the term of a lease for one hundred years or more remain unexpired, it shall be regarded for many purposes as an estate in fee simple, and the lessee as a freeholder, do not affect the form of deed by which it may be conveyed. Gen. Sts. *c.* 90, §§ 20, 21. The lease from Fox to Tyler therefore conveyed the rights described for the full term named therein.

The lease from Tyler to Bristol conveyed an undivided half of the same rights to him, and was not made less effectual by the addition of the words "heirs and assigns." Shep. Touchst. 76. Gen. Sts. *c*. 89, § 9.

Bristol owning the lot to which the aqueduct had been laid for the purpose of taking the water, and the easement in the water and the aqueduct being manifestly necessary for the reasonable enjoyment of that lot, the subsequent conveyances of his title in the lot passed his right in the water and aqueduct without any express mention thereof. *Pettingill* v. *Porter*, 8 Allen, 1. *Oliver* v. *Dickinson*, 100 Mass. 114.

It follows that the plaintiff took his title subject to that right, and there must be *Judgment for the defendant.*