CITY OF BOSTON *vs.* NATHAN ROBBINS.

Suffolk.  March 15, 1876. — Jan. 5, 1877.  AMES & MORTON, JJ., absent.

Where the owner of land in fee has made a lease of the whole for years, before it is taken for laying out a highway, entire damages may be assessed for such taking, and be paid to a trustee, under the Gen. Sts. c. 43, §§ 17, 18, and need not be apportioned between the parties interested, according to §§ 53–58.

WRIT OF REVIEW to reverse a judgment recovered by the defendant in review against the plaintiff in review.  Trial in the Superior Court, before *Bacon,* J., without a jury, who allowed a bill of exceptions in substance as follows :

The plaintiff in review having been defaulted in the original suit, now filed an answer to the original declaration, and the case was tried upon the issue thus raised.  The original suit was brought by Nathan Robbins, trustee, to recover from the plaintiff in review the sum of $8889, being the sum awarded by the board of aldermen to Franklin S. Simonds, Jonathan B. Simonds, and George W. Simonds, trustees under the will of Jonathan B. Simonds, for their land taken by the plaintiff in review, on November 15, 1869, for the purpose of widening Eliot Street.

It appeared that at the date of the taking and award Franklin S. Simonds had died, and the estate was owned by Jonathan B. Simonds and George W. Simonds, as surviving trustees, and was subject to a lease executed by the three trustees, and held by Job A. Turner, assignee of the original lessee, dated December 2, 1854, for the term of eighteen years from January 1, 1855. It further appeared, that on November 9, 1871, George W. Simonds was dead, and Jonathan B. Simonds was the sole surviving trustee, and that Jonathan B. Simonds and Turner having failed to agree upon a division of the damages awarded as aforesaid, and having failed to agree upon the choice of a trustee, under the provisions of the Gen. Sts. c. 43, §§ 17, 18, upon the petition of Jonathan B. Simonds, Nathan Robbins, was appointed by the judge of probate as trustee, and brought the original action to recover the amount of the award.

The plaintiff in review objected that the appointment of Nathan Robbins, as trustee, was void for want of jurisdiction to make the appointment, and that the original action could not be

maintained. The judge ruled that the Probate Court had no jurisdiction or authority to make such appointment, and that the original action could not be maintained, and found for the plaintiff in review; and the defendant in review alleged exceptions.

*C. R. Train,* for the defendant in review.

*J. L. Stackpole,* for the plaintiff in review.

GRAY, C. J. The question presented by this case is, in substance, whether, when the owner of land in fee has made a lease thereof for years, before it is taken for the laying out of a highway, entire damages should be assessed, and be paid to a trustee, under the Gen. Sts. *c.* 43, §§ 17, 18, or whether, after ascertaining the total amount of damages, that amount must be apportioned between the parties interested, according to the provisions of §§ 53–58.

The scope and purpose of these statutes may perhaps be better understood by tracing the history of the legislation upon the subject. The earliest enactments, regulating the assessment of damages for the taking of land in which there were different estates or interests, were introduced into the Revised Statutes of 1836, upon the recommendation of the Commissioners who reported the same.

By the Rev. Sts. *c.* 24, § 12, (§ 8 in the Commissioners' Report,) it was provided — in conformity with the construction given by the court, as declared in *Ellis* v. *Welch,* 6 Mass. 246, 251, to the more general provisions of earlier statutes, which only mentioned " the owners " of the land — that whenever it should be proved that any person claiming damages " is only entitled to an estate for life or for years in the premises, and that the remainder or reversion in fee belongs to another person," the county commissioners should make " such an apportionment of the damages between them, according to their respective interests, as shall be just and reasonable."

By the Rev. Sts. *c.* 24, §§ 48–53, it was provided that " wherever there shall be several parties, having several estates or interests, at the same time, in any land or any buildings standing thereon," taken or otherwise damaged by the laying out of a highway, and any one of such parties should apply for a jury to ascertain his damages, all the others should be made parties to the proceedings, and the jury should first ascertain the total

amount of the damages, if any, sustained by the owners of such lands a..d buildings, "estimating the same as an entire estate, and as if the same were the sole property of one owner, in fee simple," and then apportion that amount " among the several parties whom they shall find to be entitled, in proportion to their several interests, and to the damages sustained by them respectively."

Upon these sections (constituting §§ 42–47 in their report) the Commissioners observed : " These sections are new, and are introduced with a view to affording a more complete remedy than now exists for all parties who have different rights in the same parcel of real estate. Besides the common cases of estates in dower, and other life estates with the reversions and remainders in fee, it often happens, particularly in large towns, that an entire dwelling-house or store, with the land appurtenant, is let to a number of tenants, for different terms of years, on conditions creating very different rights and liabilities, and exposing them to different degrees of injury ; and sometimes the landlord also retains and occupies a part of the estate for his own use. Under the existing provisions of law, these parties must each pursue his own remedy by himself ; and different juries will be likely to make very different estimates of the injury done to the whole estate, and consequently to the several parts. The provisions of these six sections, which are in the nature of a bill in equity, are intended to afford a more convenient means of doing justice to all parties in such cases." It was afterwards decided that these sections, in terms as well as in intent and spirit, were applicable to a tenancy in common, or to an estate in which one person had the legal title and another an equitable interest under a bond for a deed. *Dwight* v. *County Commissioners*, 7 Cush. 533. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 385.

By the St. of 1851, *c.* 290, the twelfth section of the Rev. Sts. *c.* 24, was repealed, and it was provided that whenever persons, having a claim for damages sustained in their property by the laying out of a highway, had " different or separate interests in the said property, so that an estate for life or for a term of years in the same belongs to one person, and the remainder or reversion in fee belongs to another, entire damages shall be assessed,

in the same manner as is provided for in other cases, without any apportionment thereof;" and that the amount of such damages should be paid to or be recoverable by a trustee to be agreed upon by such parties, or, in case of any legal disability or of failure to agree, to be appointed by the judge of probate, and be by such trustee invested and held for the benefit of such parties, according to their several interests, the annual income to be paid to the person in whom was the estate for life or for years, for the period such estate might have continued, and the remainder, after the termination of such estate, to be paid over absolutely to the reversioner.

The Gen. Sts. c. 43, §§ 17, 18, reënact the provisions of the St. of 1851, c. 290; and the Gen. Sts. c. 43, §§ 53–58, reënact those of the Rev. Sts. c. 24, §§ 48–53, limited however, as required by the change introduced by the St. of 1851, to cases " when there shall be several parties, having several estates at the same time, in land or buildings, other than and different from the estates and interests for which provision is made in section seventeen."

The reasonable conclusion is, that it was the intention of the Legislature that, whenever one person held an estate for life or for years, and another the remainder or reversion in fee, in the whole of the premises taken, (whether the respective estates of the parties were created by contract between themselves, or by the act of a third person or of the law,) and the compensation paid by way of damages might therefore be applied, in exact conformity with the titles in the real estate for which it was a substitute, to the benefit of the parties interested therein, by paying the income to the owner of the particular estate while that would have lasted, and the principal, at the expiration of the particular estate, to the remainderman or reversioner in fee, a trustee should be appointed to receive and hold, and to apply accordingly, the whole amount of compensation awarded; and that it was only when the relation of tenant for life or years and remainderman or reversioner had been so modified by contract between the parties, (as, for instance, by different leases and subleases of various parts of the premises,) or otherwise, that the interests of the parties were not merely successive in point of time in the whole premises taken, but that they had " several

estates at the same time " in the premises, or in some part thereof, the comparative value of which would not be ascertained by the appointment of a trustee to pay the whole income for life or for years to one party and the whole principal afterwards to another, that resort should be had to the provisions for the apportionment of the damages by a jury among the parties in interest. *Edmands* v. *Boston,* 108 Mass. 535. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1.

In the present case, as the estates of the tenant for years and of the reversioner each extended to the whole of the premises taken, the ruling of the learned judge of the Superior Court, that the judge of probate had no jurisdiction or authority to appoint a trustee, was erroneous. *Exceptions sustained.*