CITY OF BOSTON *vs.* NATHAN ROBBINS.

Suffolk. Nov. 14, 1878. — March 3, 1879. COLT & MORTON, JJ., absent.

Where the owner of land in fee has made a lease of the whole for years, and the lessee has assigned the lease to two persons, for the remainder of the term, before a portion of the land is taken for the alteration of a highway, whereby a part of the building is cut off, and extensive repairs made necessary, entire damages may be assessed for such taking, and be paid to a trustee, under the Gen. Sts. c. 43, §§ 17, 18, and need not be apportioned between the parties interested, according to §§ 53–58, although by the terms of the lease the lessee is to have the right to take down buildings on the land and erect new ones; and is to make repairs, and to give up the premises at the end of the term in good repair, and to pay all taxes and duties levied during the term; and although, by an agreement between the lessee and the assignees, the latter are to make certain repairs and improvements on the premises, to be paid for by the former, and to reconvey the lease when such payment is made; and although, at the time of the taking, the premises are sublet to tenants at will.

Where the Probate Court has jurisdiction to appoint a trustee under the Gen. Sts c. 43, §§ 17, 18, to recover the damages sustained by persons having separate interests in land taken for a highway, the regularity of its proceedings in the appointment of the trustee cannot be impeached in an action by the trustee against the city taking the land.

A trustee appointed by the Probate Court under the Gen. Sts. c. 43, §§ 17, 18, to receive and collect damages awarded by a city for land taken for a highway, may, after a demand and a refusal to pay, maintain an action at law against the city for the damages awarded.

If land, held by two persons as trustees, is taken by a city for a highway, an arbitration entered into between a lessee and one of the trustees only, in accordance with which the city pays a sum of money to the lessee, is void.

WRIT OF REVIEW to revise a judgment recovered by the defendant in review against the plaintiff in review. After the former decision, reported 121 Mass. 453, the case was tried in. the Superior Court, without a jury, before *Colburn*, J., who allowed a bill of exceptions in substance as follows:

The original action was brought by Nathan Robbins, trustee, after a demand and refusal to pay, to recover from the plaintiff in review the sum of $8889, being the sum awarded by the board of aldermen to Franklin S. Simonds, Jonathan B. Simonds and George W. Simonds, trustees under the will of Jonathan Simonds, for a portion of their land taken on November 15, 1869, for the purpose of widening Eliot Street.

The order of the board of aldermen taking the land contained an estimate of damages, in which the "value of land taken" was estimated at $5089, the "damages to building, owners and occupants" at $3800, and the entire damages at $8889.

At the time of the taking and award, Franklin S. Simonds had died, and the whole estate was owned by Jonathan B. Simonds and George W. Simonds, as surviving trustees, and was subject to a lease executed by the three trustees on December 2, 1854, to Charles W. Rosenfeld, for the term of eighteen years from January 1, 1855. By the terms of the lease, the lessee was to have the right to take down the buildings then on the land and to erect new ones. He was also to make repairs, and to give up the premises at the end of the term in good repair; to keep the buildings insured against loss by fire; and to pay the rent quarterly, and all "taxes and duties" levied during the term. On May 31, 1856, this lease was assigned, for the residue of the term, to Job A. Turner and Joel Snow, copartners, they agreeing, by an instrument of even date, to make certain repairs and improvements on the premises, to be paid for by Rosenfeld, and to reassign the lease, which was described and referred to, when such payment was made in full.

At the time of the taking by the city, the premises were occupied by different tenants, who held as tenants at will under Turner and Snow. After the taking, the assignees, with the knowledge and assent of George W. Simonds, repaired the building on the estate, which had been cut off in the widening, at an expense of $2000. After the city passed the order of taking, the tenants at will moved out, and the premises were vacant, until restored after the widening. The assignees of the lease were deprived of the use of the premises for a considerable time, and suffered damages thereby.

On July 2, 1870, Joel Snow assigned his interest under the

lease, and his claim against the city, to Reuben S. Wade. On January 21, 1871, George W. Simonds and Job A. Turner entered into an arbitration to determine what parts of the sum awarded by the city should be paid to the owners of the land, and to the lessees. The arbitrators, on February 10, 1871, awarded the sum of $3200 to the lessees. On March 20, 1871, the city passed an order that this sum should be paid to Turner; and it was so paid, he, with Wade as surety, giving a bond of indemnity to the city.

Wade had knowledge of the arbitration and award, and assented verbally to the same. About $2000 of the money received from the city was spent in repairing and restoring the building to make it fit for use after the widening, and the balance was equally divided between Turner and Wade. After the assignment of the lease, Jonathan B. Simonds, as trustee, collected the rent up to about 1860; and after that George W. Simonds collected it, and the assignees dealt exclusively with him in regard to the estate up to the time of the arbitration; and the money was paid to Turner and Wade with his knowledge and consent. In making the agreement of arbitration Jonathan B. Simonds took no part, he did not know of or consent to the same, and was not consulted in reference thereto.

On November 9, 1871, George W. Simonds was dead, and Jonathan B. Simonds, who was the sole surviving trustee, filed a petition to the Probate Court, under the Gen. Sts. c. 43, §§ 17, 18, setting forth the taking of a part of the estate by the city; that Turner was a tenant of the estate at the time of the widening; that no other persons were interested therein; that the petitioner and Turner could not agree as to a division of the damages awarded; that the petitioner had applied to Turner to agree upon a person as trustee to receive the money; and praying for the appointment of a trustee. A citation was issued to Turner, and served by leaving it at his last and usual place of abode; and a decree was passed appointing Nathan Robbins trustee " to receive and collect said damages." Turner did not actually receive or know of the notice; and neither he nor Wade nor Snow took any part in the proceedings in the Probate Court; and Turner was not called upon to agree to a trustee, as alleged in the petition.

The defendant in review contended that the decree of the Probate Court could not be impeached in this action. The plaintiff in review contended that the appointment of Robbins as trustee was irregular, illegal, unauthorized and void; that the Probate Court had no jurisdiction or authority to appoint a trustee; that Robbins, as trustee or otherwise, could not legally claim, and was not entitled to recover, the amount of the estimated damages; that the trustees of Simonds were bound by the arbitration and award, and by the payment of money thereunder; that, if entitled to recover at all, Robbins could recover only for the balance left after the payment to Turner by the city; that the action would not lie at all upon the estimate or order of the said city referred to; that Turner and Wade were entitled to recover, and have apportioned to them, the damages caused to the building repaired by them, to the extent of the costs of the same paid by them, and for depriving them of the occupation of their tenants.

Upon the foregoing facts, the judge ruled, as matter of law, that the plaintiff in review could not recover, and ordered judgment for the defendant in review; and the plaintiff in review alleged exceptions.

*A. A. Ranney,* for the plaintiff in review.

*J. O. Teele,* (*C. R. Train* with him,) for the defendant in review.

SOULE, J. The bill of exceptions shows that the estates of the tenant for years and of the reversioner each extended to the whole of the land taken by the plaintiff in review. The case, as now presented, is in this respect the same as when it was last before us. *Boston* v. *Robbins,* 121 Mass. 453. The provisions in the lease giving the lessee rights which were not incident, as of course, to his tenancy, and imposing on him duties which do not necessarily fall on a lessee for years, were not such modifications of the relation of the tenant and the reversioner as to make their interests other than merely successive in point of time in the whole premises taken. The damages for the land taken were therefore to be assessed and awarded in a gross sum, and were payable to a trustee to be appointed in accordance with the Gen. Sts. *c.* 43, §§ 17, 18. It follows that the judge of probate had jurisdiction of the subject-matter of the petition

of Simonds for the appointment of a trustee to receive and collect the damages. This being so, the decree appointing the defendant as such trustee, not having been reversed on appeal, is conclusive, and cannot be impeached in this action at law in a court of common law jurisdiction, by a party having no interest in the question presented by the petition. *Dublin* v. *Chadbourn*, 16 Mass. 433. *Emery* v. *Hildreth*, 2 Gray, 228. *Parker* v. *Parker*, 11 Cush. 519. *Pinney* v. *McGregory*, 102 Mass. 186.

By the St. of 1866, *c.* 174, § 3, the damages for the land taken, as estimated by the board of aldermen, became payable in the manner provided by the Gen. Sts. *c.* 43, § 18. By the decree of the judge of probate, the defendant became entitled to collect the amount as trustee for the parties in interest. Having demanded payment, which was refused, his only remedy was by action of contract.

The agreement of arbitration, and the proceedings under it, and payment by the plaintiff to Turner, do not affect the rights of the defendant. Jonathan B. Simonds and George W. Simonds were interested in the damages only as owners in trust of the land taken. One of the trustees had no power to make conveyance of any part of the trust property, nor to make any agreement for disposing of any part of it, without the assent and cooperation of his co-trustee. The arbitration and award under it were therefore void as against the trust estate. *Chapin* v. *Chicopee Universalist Society*, 8 Gray, 580. *Austin* v. *Shaw*, 10 Allen, 552.

The ruling that the plaintiff in review could not recover was correct.                                   *Exceptions overruled.*