JOB A. TURNER & another *vs.* NATHAN ROBBINS & another.

Suffolk. Jan. 18, 1880; March 22. — July 1, 1882. FIELD, J., absent.

The St. of 1851, *c.* 290, reënacted in the Gen. Sts. *c.* 43, §§ 17, 18, and providing for the apportionment of damages awarded for the taking for a highway of land in which there are distinct or separate interests, is not unconstitutional so far as it affects the parties to a lease made after its passage; such parties must be deemed to have taken their title subject to these provisions; and if gross damages have been paid to a trustee appointed by the judge of probate, under said statutes, the lessee, or those claiming under him, cannot maintain a bill in equity against such trustee and the general owner of the land, to compel a different distribution of the damages from that provided for in the statutes, even if the appointment of the trustee was irregular or invalid.

C. ALLEN, J. This is a bill in equity by persons representing the interests of tenants under a lease of land, with a building thereon, part of which was taken by the city of Boston for a highway. The plaintiffs seek to recover what they consider to be their just share of the damages awarded and paid by the city for such taking, and now in the hands of a trustee appointed under the Gen. Sts. *c.* 43, § 18. The trustee appointed by the Probate Court and the general owner of the land are the parties defendant.

The lease was made in December 1854, and was to run from January 1, 1855, to January 1, 1873. Part of the leased land was taken by the city in 1869, while Turner and Snow, and certain of their tenants at will, were in possession. An award of $8889, as damages, was made by the aldermen in the same year, which award was not appealed from. The general owner of the land petitioned the Probate Court for the appointment of a trustee to receive and hold the damages, under the Gen. Sts. *c.* 43, § 18, and the defendant Robbins was appointed as such trustee in 1871, and he brought suit against the city and recovered judgment, and was paid, in June 1872, the sum of $10,208.75 for the damages and interest; and afterwards the city brought a writ of review, seeking to reverse said judgment, and the case was twice before this court, and the writ of review was finally dismissed, in 1879. See *Boston* v. *Robbins*, 121 Mass. 453, and 126 Mass. 384.

The principal grounds relied on by the plaintiffs, briefly stated, are as follows: 1. That they sustained special and peculiar

damages by the taking, and that the aldermen who made the award recognized this fact, and included such special damages as an element in making up their award of $8889. 2. That Robbins was not duly appointed trustee, and especially that his bond was not approved by the judge of probate. 3. That if the true construction of the Gen. Sts. *c.* 43, § 17, limits the right of the plaintiffs to the annual income of the sum awarded and paid as damages, then that section is unconstitutional. The defendants demur to the bill for general want of equity.

We have considered all the grounds taken in argument on the part of the plaintiffs, and are of opinion that the plaintiffs are not entitled to prevail on any of them. .

By the St. of 1851, *c.* 290, which was in force at the time when the lease in question was made, it was provided that, in cases like the present, entire damages should be assessed, without any apportionment thereof; and that the amount should be paid over to a trustee to be chosen by the parties, and held in trust for them, the annual income to be paid to the tenant for years, and the remainder to the reversioner; and in case of a failure to choose such trustee, the judge of probate should appoint one, for the same purposes, who should give bond to the judge of probate for the faithful performance of his duties. This statute altered the law as then existing, which made a different provision for the apportionment of the damages. Rev. Sts. *c.* 24, § 12. The St. of 1851, *c.* 290, was reënacted in substance in the Gen. Sts. *c.* 43, §§ 17, 18, and continues in force to the present time. Pub. Sts. *c.* 49, §§ 18, 19. The lease was made in view of the provisions of law which were in force at the time of its execution, and a majority of the court is of opinion that the lessees must be deemed to have taken their title subject to those provisions. It has heretofore been held that owners of land cannot, by their contracts, cut off the right of the public to take the land by eminent domain, or increase the amount of damages which the public can be compelled to pay for such taking. *Edmands* v. *Boston*, 108 Mass. 535, 544, 549. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1. It need not be considered here how this legislation would affect the rights of lessees holding under a lease executed prior to the enactment of the St. of 1851. The lessees under this lease must be deemed to have

assented to the distribution of damages provided for in the statutes; at least, so far as concerns their relation to a trustee appointed under those statutes. It is not suggested that the lease contained any provisions to the contrary; and, if it did, the conclusion by no means follows that the lessees would thereby stand in any different relation to the trustee.

If the aldermen included in their award special damages for the lessees, with a view of changing the distribution of the gross sum from the method provided by statute, their intention would be ineffectual. The statute provided that entire damages should be assessed, and the means adopted or elements considered by the aldermen in arriving at their result must now be disregarded. Their award was not appealed from. It stands, therefore, as an award of a gross sum, and is to be distributed according to the statute. With any other method of distribution, the trustee has nothing to do.

If the appointment of the trustee was irregular and invalid, it is not apparent how this fact can give to the plaintiffs a right to any greater portion of the money in his hands. A new trustee appointed in his place would hold subject to the same provisions of statute. By the St. of 1873, *c.* 253, § 1, the present trustee, if his appointment is invalid, is held to account in the same manner as if his appointment were regular and valid.

No demand has been made upon the trustee to pay to the plaintiffs the sum which they are entitled to receive under the statute. He has never refused to make such payment. The entry therefore must be *Demurrer sustained.*

The case was argued at the bar in March 1880, by *A. A. Ranney*, for the plaintiffs, and by *J. O. Teele*, (*C. R. Train* with him,) for the defendants; and was reargued in March 1882, by *J. H. Benton, Jr.*, for the plaintiffs, and by *Teele*, for the defendants.