JAMES H. STARK & another *vs.* MARY A. MANSFIELD
& others.

Suffolk.    December 3, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

A lease of land for one hundred years without words of inheritance, reserving rent
payable semiannually, with a perpetual right of renewal in the tenant at the
end of each hundred years on condition that the rent payable on such renewals
shall be equal to a certain percentage of the value of the land and never less
than that named in the lease, reserves to the lessor an estate in fee; and if the
land is taken for a railway station, under an act providing for the assessment of
damages in accordance with the laws of the Commonwealth relating to the taking
of land for railroad purposes, the lessor on application to the Probate Court under
Pub. Sts. c. 49, § 19, is entitled to have a trustee appointed to receive the sum
awarded and hold and administer it under the provisions of § 18 of the same
chapter.   The existence of a sublease of a part of the term and of a mortgage
by the tenant of his interest does not make it necessary for the lessor to apply
for an apportionment of damages under § 22 of the same chapter.

Pub. Sts. c. 121, § 1, providing that "When land is demised for the term of one
hundred years or more, the term shall, so long as fifty years thereof remain un-
expired, be regarded as an estate in fee simple as to everything concerning the
descent and devise thereof" and for certain other purposes, and further providing
that "whoever holds as lessee or assignee under such a lease shall, so long as
fifty years of the term are unexpired, be regarded as a freeholder for all pur-
poses," does not give the lessee a fee nor deprive the lessor of his reversion.

A deed from a tenant holding a lease for one hundred years with a right of per-
petual renewal containing words of grant and inheritance with a covenant that
the grantor is "lawfully seised in leasehold of the granted premises and that
they are free from all encumbrances except a ground rent of three hundred dol-
lars per annum," does not disseise the lessor, but should be construed as a con-
veyance of the interest under the demise rather than as one wrongful and para-
mount to it.

PETITION to the Probate Court, under Pub. Sts. c. 49, § 19,
for the appointment of a trustee to receive, hold and administer
under § 18 of the same chapter the sum paid by the Boston
Terminal Company for the taking of a house and land on Cove
Place in Boston under St. 1896, c. 516, filed March 28, 1900.

The case came before this court on appeal from a decree of
the Probate Court dismissing the petition, and was reserved on
the pleadings and agreed facts by *Hammond,* J., for the consid-
eration of the full court.

On April 1, 1885, the petitioners were the owners in fee of

the land and building No. 20 Cove Place in Boston, and on that day executed and delivered to Asa B. Wheeler the following indenture called a lease, duly executed, acknowledged and recorded:

" This Indenture made this first day of April in the year eighteen hundred and eighty five, between Frederick J. Stark and James H. Stark Trustees of the Starks Credit Foncier, pursuant to their Articles of Association which are recorded with Suffolk Deeds in Libro 1056 et Folio 12 et Libro 1206 et Folio 11 of the first part, and Asa B. Wheeler of the City of Brockton, County of Plymouth and State of Massachusetts of the second part Witnesseth, that the said party of the first part doth hereby demise and lease unto the said party of the second part the following described real estate in the City of Boston, County of Suffolk and State of Massachusetts, to wit: A dwelling house and lot of land which is bounded and described as follows, to wit: [Description.]   The building on said land being now numbered 20 Cove Place.   To have and to hold the same for the term of one hundred years, beginning with the first day of April in the year eighteen hundred and eighty five, yielding and paying therefor rent at the rate of three hundred dollars per annum, to be paid in equal semi-annual payments, the first of such payments to be made on the first day of October next ensuing at the office of the lessors, or of their heirs and assigns in the City of Boston in gold or silver coin of standard fineness, as determined by the present lawful assay thereof, and full weight, and thenceforth on the termination of each succeeding half year until the termination of this lease.   And the Lessors hereby covenant with the said Lessee and his heirs and assigns that the said premises are free from all incumbrances done or suffered by them, and that they will warrant and defend the Lessee in the peaceable use and occupation thereof, under the terms of this lease, against all persons claiming by, through or under them but against none others.   And the Lessee for himself and his heirs and assigns hereby covenant that he and his heirs, executors, administrators and assigns will pay the said rent in manner aforesaid, and also all taxes, water rates and assessments whatsoever, whether assessed to the Lessors or to the Lessee, to which said premises may become liable during

the said term, that they will not make or suffer any strip or waste, or any unlawful use of the said premises, and that they will allow the Lessors and their heirs and assigns, and their agents at seasonable times to enter upon said premises, and examine the condition thereof, and will keep all and singular the said premises in good tenantable repair, and shall keep the buildings thereon insured against fire in the sum of one thousand dollars, and payable to the Lessors or their heirs and assigns in case of loss, who shall retain such money in their possession until the buildings shall have been repaired in as good condition as they stood before the fire when the Lessors shall pay such insurance money to the Lessee. And the said Lessee for himself and for his heirs and assigns, further covenants with the Lessors and their heirs and assigns, that at the end of the said term of one hundred years herefrom they will peaceably deliver up to the Lessor or his heirs and assigns, the said premises, together with all future erections or additions upon or to the same, in such good and tenantable repair as aforesaid, and vacant and unincumbered and in good tenantable order and condition. And the Lessors for themselves and their heirs and assigns further covenant with the Lessee and his heirs and assigns that at the end of each term of one hundred years from this date, that at his or their option, they or their heirs and assigns will renew this lease for another term of one hundred years and so on forever on condition that the rent payable under such renewals shall be equal to at least six per cent per annum of the then actual cash value of the leased premises as estimated at the date of each and such renewals and provided further that such annual rents shall never be less than that named in this lease. Provided always and these presents are on the condition, that in case of a breach of any of the covenants to be observed on the part of the Lessee, or of those claiming under him, the Lessors or their heirs or assigns may while the default or neglect continues, and notwithstanding any license or waiver of any prior breach of condition, without any notice or demand, enter upon the premises, and thereby determine the estate hereby created, and may thereupon expel and remove forcibly, if necessary, the Lessee and those claiming under him, and their effects. And I, Kate Stark and Bertha H. Stark, the

wives of the said Lessors, and Mary Stark, widow of John H. Stark late of said Boston, deceased, for one dollar consideration to *me paid* by the said Lessee, do hereby release the estate of the said Lessee hereby created, from all right to dower or homestead in the leased premises therein described. In witness whereof the said parties hereunto and to another instrument of like tenor, set their hands and seals on the day and year first above written."

. On April 15, 1892, Wheeler, the above named lessee, executed and delivered to the respondent Mary A. Mansfield an assignment of the foregoing indenture as follows :

" Know all Men by these Presents, That I, Asa B. Wheeler of Wakefield in the County of Middlesex and Commonwealth of Massachusetts, in consideration of one dollar and other valuable consideration paid by Mary A. Mansfield of Marlboro in said Commonwealth, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Mary A. Mansfield, a dwelling house and lot of land which is bounded and described as follows, to wit : [Description.] And being the same premises conveyed to me by James H. Stark and Frederick J. Stark by deed dated April 1st 1885 and recorded with Suffolk Deeds Libro 1673 Fol. 547, said premises being situated in the City of Boston and Commonwealth aforesaid. To have and to hold the granted premises, with all the privileges and appurtenances thereto belonging to the said Mary A. Mansfield and her heirs and assigns to their own use and behoof forever. And I hereby for myself and my heirs, executors and administrators covenant with the grantee and her heirs and assigns that I am lawfully seized in leasehold of the granted premises, that they are free from all incumbrances except a ground rent of three hundred dollars per annum, that I have good right to sell and convey the same as aforesaid, and that I will and my heirs, executors and administrators shall warrant and defend the same to the grantee and his heirs and assigns forever against the lawful claims and demands of all persons except as aforesaid. And for the consideration aforesaid I, Emma L. Wheeler wife of Asa B. Wheeler hereby release unto the grantee and her heirs and assigns all right of or to both dower and homestead in the granted premises."

On November 13, 1892, Mary A. Mansfield mortgaged the house and lot in question to the respondent, Charles J. Mansfield, her son, and on February 20, 1896, leased the same property for eighty-eight years to the respondent, Joanna F. Mansfield, wife of Charles J. All of the instruments mentioned were recorded.

Charles J. Mansfield was not in possession of the property as mortgagee, and had only such rights as were given him by his mortgage.

The rent was paid to the petitioners by Mary A. Mansfield, under the indenture of April 1, 1885, up to the time of the taking hereafter mentioned.

On January 5, 1897, the Boston Terminal Company, acting under the provisions of St. 1896, c. 516, took the property for the South Terminal Station, and by agreement of all the parties deposited $9,000, as compensation for the property, to be disposed of according to law.

It was agreed that the parties to this proceeding stood in the same relation to this sum as though it had been awarded by a jury as entire damages. The respondents contended that the above named sum should be apportioned as provided by Pub. Sts. c. 49, §§ 20–25.

The petitioners filed the following objections to the decree of the Probate Court dismissing their petition : " 1. They were, at the time of the taking mentioned in their petition, the owners of the property mentioned therein, and the remainder or reversion in fee belonged to them. 2. The respondent Mary A. Mansfield had, at the time of said taking, an estate for years in said property. 3. No other person or persons had, at the same time, any estate or interest in said property. 4. The facts alleged and proved present a case for the appointment of a trustee, as provided in chapter 49 of the Public Statutes, secs. 18, 19. 5. The parties cannot agree upon the choice of such trustee."

*C. W. Cushing,* for the petitioners.

*J. W. Keith,* (*J. P. Silsby* with him,) for the respondents.

HOLMES, C. J. This is a petition to the Probate Court under Pub. Sts. c. 49, § 19, for the appointment of a trustee to receive the sum paid by the Boston Terminal Company for the taking of certain land under St. 1896, c. 516, and to hold the said sum

for the benefit of the parties according to Pub. Sts. c. 49, § 18. The Probate Court dismissed the petition, and the petitioners appealed. The case was reported by a single justice to the full court. It is not denied that these sections of the Public Statutes are adopted by reference. St. 1896, c. 516, § 23. Pub. Sts. c. 112, §§ 95, 100, 107. But it is denied that the petitioners have a standing under them because it is denied that they have any property in the land taken. It is contended further that if the petitioners are entitled to any interest in the said sum there should be an apportionment under Pub. Sts. c. 49, § 22, instead of a trust under § 18.

The petitioners demised the premises for one hundred years to one Wheeler, without words of inheritance, reserving a certain rent. There was given also a perpetual right of renewal at the choice of the tenants, with provision for fixing the rent which never was to be less than that originally reserved. Wheeler conveyed to the respondent Mary A. Mansfield, who made a mortgage and sublease. The respondents contend that Wheeler took a base fee, leaving in the petitioners a mere possibility of reverter, or right of re-entry, citing *Jamaica Pond Aqueduct*, v. *Chandler*, 9 Allen, 159, 167, *Robb* v. *Beaver*, 8 W. & S. 107, and *Stephenson* v. *Haines*, 16 Ohio St. 478. But in those cases the so called leases contained words of inheritance in the habendum, and it does not need argument or authority to show that an instrument like the present cannot convey a fee at common law.

The only argument needing consideration is based on Pub. Sts. c. 121, § 1, and that may be disposed of in a few words. The earlier part of the section provides that when land is demised for a term of one hundred years or more, the term, so long as fifty years of it remain unexpired, shall be regarded as an estate in fee simple as to everything concerning its descent and various other incidents not affecting this case. The section then ends with the words, " and whoever holds as lessee or assignee under such a lease shall, so long as fifty years of the term are unexpired, be regarded as a freeholder for all purposes." But this does not give the lessee a fee, it simply gives to his interest a dignity and quality equal to a life estate. It is not intended to destroy or impair the reversion of the lessor or to make it in

any degree less an estate than it was before. The respondents' principal contention seems to us entirely unfounded.

The deed of Wheeler to Mansfield did contain words of inheritance, and it might possibly be argued, although it was not, that this was a disseisin of the petitioners, and that if the petitioners were disseised they had no standing to make a claim against this fund. We mention the suggestion simply to show that it was not overlooked. Taking the deed as a whole, and seeing that it conveyed the premises subject to the rent reserved, and covenanted that the grantor was " seised in leasehold," we are of opinion that it should be construed as a conveyance of the interest created by the demise rather than as one wrongful and paramount to it, the language suggestive of a fee being used pretty evidently merely to express the effects of the statute just cited, as to long terms. See *Hollenbeck* v. *McDonald*, 112 Mass. 247, 249, 250.

When the petitioners are shown to stand as at common law, owners of a reversion subject to a term, they present the case expressly contemplated by Pub. Sts. c. 49, §§ 18, 19, and their right is made out. The provisions for apportionment in §§ 20, 22, are confined to estates other than and different from those for which provision is made in § 18. *Boston* v. *Robbins*, 121 Mass. 453. The existence of a sublease of a part of the term made by the tenant, *Boston* v. *Robbins*, 126 Mass. 384, or of a mortgage of her interest is not enough to throw the petitioners upon § 22. See also *Farnsworth* v. *Boston*, 126 Mass. 1; *Willard* v. *Boston*, 149 Mass. 176. Pub. Sts. c. 112, § 108, refers, primarily at least, to a case where the landowner, not a tenant, has made a mortgage.

*Decree of Probate Court reversed.*