GAETANO GALEANO & others *vs.* CITY OF BOSTON.

Suffolk.    November 26, 1906. — March 8, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Damages,* From change of grade.    *Landlord and Tenant.*

On a petition under R. L. c. 51, § 16, by the lessees of certain real estate under a lease in writing for the assessment by a jury of damages caused by a change of grade in a highway, which in accordance with the practice under R. L. c. 48, §§ 20, 22, is consolidated with a petition of the owners of the real estate and is tried with it as one proceeding, if it appears that the owners suffered no damage permanent or temporary, their property being benefited by the change of grade, this does not prevent the lessees from recovering damages for being deprived of proper access to their places of business during the progress of the work.

PETITION, filed in the Superior Court on May 23, 1905, under R. L. c. 51, § 16, for the assessment by a jury of damages caused by a change of grade in Sixth Street, a public highway in that part of Boston called South Boston.

The petitioners were the lessees under a lease in writing dated March 17, 1903, for the term of six years, of certain premises, which included five stores on Sixth Street, used by them for the purposes of carrying on the business of fruit selling and a restaurant.

The stores were in a small wooden building of one story with a wooden platform extending to the sidewalk, a step below the threshold and flooring of the stores. In accordance with the practice under R. L. c. 48, §§ 20, 22, a petition of the owners of the premises, representing the estate of one Tilly Haynes, which was filed subsequently to that of these petitioners, was ordered to be brought forward and consolidated with this petition, and the cases were tried as one proceeding before *Gaskill*, J.

On the petition for the owners the only evidence offered for the petitioners was that of a builder as to the damage by injury to the building, and the respondent put in the evidence of a real estate expert that the property was benefited and not damaged and that the market price of the owners' estate was not altered by the change in grade of Sixth Street. There was evidence that by the change of grade the platform in front of the stores was about ten inches lower than the grade of the new sidewalk and that the work of changing the grade lasted from four to five weeks. The petitioners testified that they expended $15 in building a new platform which was made necessary by the change in grade. They offered evidence tending to show that during the work of changing the grade the stores on Sixth Street could not be used for the business purposes for which they were hired and occupied, that they were unable to get access to Sixth Street by reason of the sidewalk being blocked up, and that no access could be had to the stores for business purposes. There was evidence on the part of the respondent tending to contradict this. The owners did not claim damages for want of access to and from the premises to Sixth Street nor for damages claimed by these petitioners, and offered no evidence relating thereto.

The judge, among other instructions, instructed the jury as follows:

" Now, when you have got to that result, if you say there is nothing due the owners here, that they have not been injured, either that there was not any damage any way, or that they have been benefited to an amount equal, then your verdict will be for the respondent. . . . As I stated to you, if you do not find damage to the owners you cannot find any to the lessees. . . .

" One additional word, gentlemen, in view of something called to my attention. You recollect that I said, or if I did not I will say it now, that in estimating the damages to that estate you have the right to take into account whatever happened during the progress of the work and also how the estate was left at the close of the work. During the progress, means, as one element of damage, the diminished access to the premises as if they were owned by the owner and nobody else had any interest in them, — he was his own tenant. If, however, when you consider it — if you say that is a damage, if you then get that added to whatever other damage, if you say there is any — you say that the benefit is equal to the whole, the temporary and the permanent, if there is any, why, then that evens the thing up."

The jury returned a verdict for the respondent; and the petitioners alleged exceptions to the last instructions above quoted and to the ruling that, if there was no damage permanent or temporary to the owner, the lessees could not recover.

*H. Dunham,* for the petitioners.

*J. D. McLaughlin,* for the respondent.

BRALEY, J. The interest of the petitioners as lessees and that of the landowner were not commensurate, as their demise covered only a portion and not the whole of the premises. Because of this diversity, when treated as entire, whatever damages were shown to have been caused to the estate by the lowering of the grade of the street on which it abutted were to be apportioned between the owners of the respective interests rather than held by a trustee for their benefit. R. L. c. 51, § 15; c. 48, §§ 17, 18, 20, 22. *Edmands* v. *Boston,* 108 Mass. 535, 547. *Boston* v. *Robbins,* 121 Mass. 453, 456. *Stark* v. *Mansfield,* 178 Mass. 76, 82. *Emery* v. *Boston Terminal Co.* 178 Mass. 172, 185. In the assessment of damages while by

R. L. c. 48, § 22, the estate is to be treated as indivisible, this provision was not intended to mean, that if considered as the sole property of the reversioner no injury appears to have been suffered, then the lessees cannot recover, although if the estates are considered separately, the leasehold had been damaged. *Providence, Fall River & Newport Steamboat Co.* v. *Fall River*, 187 Mass. 45, 49. Until determined by the condition of the title shown to exist at the trial it remained uncertain whether § 17 of this chapter or § 20 was applicable. *Willard* v. *Boston*, 149 Mass. 176, 178. If the lease had been coextensive with the fee, the petitioners would have held an estate for years within the meaning of § 17, and would have been within the provisions of § 18, which enacted that notwithstanding damages are to be assessed for the whole property and held by a trustee, who is to pay the income to the tenant for life, or for years, and upon the termination of their estate then to pay the principal to the reversioner, " any damage special to a separate estate therein . . . shall be awarded in the same proceedings separately." *Boston* v. *Robbins, ubi supra.* It is not to be presumed that a different rule was to be applied under § 22, as both sections dealt with the award or apportionment of damages which may be recovered, even if under one they are held in trust as to damages assessed for the whole property, while under the other they are paid to the parties. If the jury find that any of the parties have not sustained damages they are required to set forth by verdict that as to him no damages are awarded, but while such a finding may include the owner of the fee, the jury are not precluded from awarding damages to other parties according to their interests. There was not only abundant evidence that the market value of the property treated as a single parcel of real estate had been increased, rather than diminished, but the owners neither offered evidence nor made any claim for damages upon the ground relied on by the petitioners. The leasehold interest was a distinct independent estate occupied and used as stores, access to which during the progress of the work, lasting from four to five weeks, could have been found either to have been so interrupted as to render their use of little value, or to have been wholly cut off. If after the commencement of the various proceedings to recover damages a settlement had been

made with the landowners, or their petition had been waived, the petitioners' claim would not have been thereby extinguished, for upon a petition duly brought for the impairment of the demised estate during this time, damages, if found to have been special and peculiar, would have been recoverable. *Dana* v. *Boston*, 170 Mass. 593, 595. *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. *Bailey* v. *Boston & Providence Railroad*, 182 Mass. 537, 540. *Sheehan* v. *Fall River*, 187 Mass. 356, 361. *Hyde* v. *Fall River*, 189 Mass. 439. But neither this right nor the remedy to enforce it is lost if for the benefit of the public to avoid multiplicity of suits an estate is treated as the sum of all the interests represented by the separate petitions. *Edmands* v. *Boston, ubi supra.* While there is but one trial in which all who are entitled to compensation must participate, yet the rights of each are to be considered and determined separately. It could have been found upon the evidence that although there had been no injury to the freehold, to whose owners consequently no compensation could be awarded, the entire damage had fallen solely upon the leasehold interest, and therefore the petitioners were entitled to be apportioned, or awarded, the total amount of the damages thus sustained.

Accordingly it must be held that the ruling given at the trial "that, if there was no damage, permanent or temporary to the owner, the lessees could not recover," was erroneous.

*Exceptions sustained.*