## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

### ASA A. MILLS *vs.* HENRY C. SAMUELS.

Bristol. February 6, 1918. — March 6, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Damages*, For property taken or impaired by statutory authority. *Way*, Public. *Landlord and Tenant*, Apportionment of damages for taking of respective interests. *Eminent Domain*. *Trust*, Trustee under R. L. c. 48, § 17.

The provision contained in R. L. c. 48, § 17, for the appointment of a trustee to receive damages awarded for the taking of interests in real estate for the laying out or alteration of a highway is intended to apply merely to cases where the only parties in interest are the tenant for life or for years of the whole estate on the one hand and the remainderman or reversioner on the other.

Where real estate taken for the widening of a highway has been leased under a lease in writing to a general lessee, who has made subleases in writing of different parts of the property to various sublessees, the owner of the reversion, who holds the rights of the lessor of the whole property under the general lease, cannot maintain a petition for the appointment of a trustee to receive the damages for the benefit of the persons entitled to them according to their respective interests under the provisions of R. L. c. 48, § 17, and the damages awarded must be apportioned under the provisions of §§ 20-24 of the same chapter.

PETITION, filed in the Probate Court for the county of Bristol on March 29, 1917, by the owner of the reversion of a certain tract of land with the buildings thereon on South Main Street in Fall River, subject to a lease to Henry C. Saunders of Cranston in the

State of Rhode Island dated November 19, 1906, for the term of fifteen years from November 20, 1906, praying for the appointment of a trustee under the provisions of R. L. c. 48, § 17, to hold for the benefit of the petitioner and the lessee according to their respective interests the damages awarded for the taking of a portion of such tract of land for the widening of South Main Street.

The Probate Court appointed a trustee as prayed for, and the respondent appealed, contending that the case was governed by R. L. c. 48, §§ 20–25, and not by § 17 of that chapter. The appeal was heard by *Braley*, J., who was of opinion that the decree of the Probate Court should be affirmed, but at the request of the respondent reported the case for determination by the full court. The material facts in regard to the subleases are stated in the opinion.

*A. S. Phillips*, for the respondent.

*C. R. Cummings*, for the petitioner.

Rugg, C. J. This petition was brought in the Probate Court for the appointment of a trustee to recover the damages·caused by the taking of a portion of a parcel of real estate by the widening of South Main Street in the city of Fall River. The petitioner is the owner of the reversion subject to a lease of the entire estate to the respondent as lessee for a term of years. Agreeably to the terms of his lease, the respondent had, before the widening of the street, sublet by indentures for terms of years parts of the demised premises in severalty to divers persons, who then were in occupation. The petitioner and the respondent each have filed petitions in the Superior Court for the assessment of their damages caused by the taking. The sublessees have become parties to the petition of the respondent. The petitions have been consolidated for trial.

The question is whether on these facts a trustee should be appointed under R. L. c. 48, § 17, or whether the petitions should be tried without the appointment of any trustee and the damages, after having been assessed as an entirety, be apportioned by the jury among the several parties found entitled thereto in proportion to their interests and the loss sustained by each, in accordance with §§ 20 and 22 of the same chapter. The history of these sections of the statute is set forth in *Boston* v. *Robbins*, 121 Mass.

453, and in *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 209 Mass. 298, and need not be reviewed again.

Subtenants under written leases from tenants for years own interests in the estates. If such estates are seized in whole or in part by exercise of eminent domain, the owner is entitled to damages. His interest is protected by the same constitutional guaranties as are other kinds of property. It cannot be appropriated to a public use without the payment of reasonable compensation to the owner. Declaration of Rights, art. 10. The holder of such an interest was early held to be an "owner" within the meaning of that word in statutes conferring a right to petition for damages caused by the laying out of highways. *Ellis* v. *Welch*, 6 Mass. 246.

There is no reference in § 17 (so far as concerns facts like those here presented and leaving out of consideration contingent remainders, executory devises and powers of appointment) to any parties except the tenant for life or for years on the one side, and the remainderman or reversioner on the other. No provision is made for subtenants of parts of the estate, or for the ascertainment of their damages. It is plain the § 17 applies only to cases where the tenant for years or life has an interest in the estate commensurate in territorial extent with that of the remainderman or reversioner. The section plainly is not adapted to the case where the tenant has an estate smaller than is co-extensive in area with the estate in remainder or reversion. *Galeano* v. *Boston*, 195 Mass. 64, 66. The trustee is to hold the damages for the benefit of the "parties." That word can refer only to the "tenant for life or for years," and to "the remainderman or reversioner." They are the only "parties" mentioned in the statute. The terms of the trust are to pay from the income "to the reversioner or remainderman the value of any annual rent or other payment" which but for the taking by eminent domain would "have been payable by the tenant," and the balance of the income is to be paid "to such tenant," that is, the tenant for life or for years of the whole estate, because no other kind of tenant has before been mentioned. At the expiration of that tenancy, the principal is to be paid to the remainderman or reversioner. These are all the terms of the trust. They provide for the complete disposition of the whole of the trust fund, both

principal and income. There is nothing left for the holder of any leasehold estate less than the entire estate. On reason, therefore, § 17 cannot apply to a case like the present, where the owner of the leasehold of the entire estate has carved out of his estate several smaller interests in the estate which still are outstanding. If the landowner had desired to prevent that, a clause prohibiting subletting might have been inserted in the lease.

This conclusion is in accord with a statement by Wells, J., in *Edmands* v. *Boston,* 108 Mass. 535, where, referring to Gen. Sts. c. 43, § 17, which is the same in substance as the present § 17, he said "That statute is adapted to cases only in which the relation of tenant for life, or years and remainderman exists without modification by contract between the parties or otherwise."

There is nothing contrary to this result in *Boston* v. *Robbins,* 126 Mass. 384. In that case, the subtenants were tenants at will and not holders of leases of interests in the estate. It does not appear that they attempted to recover damages. *Benedict* v. *Morse,* 10 Met. 223, 229. *Swift* v. *Boyd,* 202 Mass. 26, 28. The reference in *Stark* v. *Mansfield,* 178 Mass. 76, 82, is to a "sublease of a part of the term" and not of a part of the demised premises. The interests of the tenants for years in that case were successive in point of time and of the whole estate. There was no occasion for apportionment. That decision establishes or recognizes the principle that where the sublessee holds the entire use of the premises covered by his lessor's term § 17 governs; but it has nothing to do with a case where different tenants have several and divided interests in that term, which is governed by § 20. See *Wheeler* v. *Earle,* 5 Cush. 31, 35, and *Miller* v. *Prescott,* 163 Mass. 12. In the case of *Turner* v. *Robbins,* 133 Mass. 207, the lessees for years of the entire estate sought a different distribution of the trust fund from that provided by the statute. It has no pertinency to a case like the present.

It follows that the rights of the parties as to assessment of damages are governed by §§ 20 to 24, and not by § 17. Hence there is no occasion for the appointment of a trustee.

> *Decree reversed; decree to be*
> *entered dismissing petition.*