## Case No. 11,132.

### PICQUET et al. v. SWAN.

[3 Mason, 469.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1824.

ACTIONS—MISJOINDER OF PARTIES—SUIT BY FOREIGN ADMINISTRATOR.

1. Where the plaintiff joined counts on a bill of exchange as indorsee, with counts on bills of exchange "as beneficiary heir and administrator of the estate of J. C. P. deceased," by the law of France, and thereby proprietor of the bills, it was *held*, that the latter counts were in his representative character, and there was a misjoinder.

2. In such a case the plaintiff cannot sue on the bills of the intestate in the circuit court, without taking out letters of administration in Massachusetts.

[Cited in Taylor v. Barron, 35 N. H. 495. Cited in brief in Reel v. Elder, 62 Pa. St. 313.]

[3. Cited in Pinney v. McGregory, 102 Mass. 192, to the point that the courts in Massachusetts will exercise the jurisdiction of granting administration on property belonging or debts due to persons residing abroad in order to enable them to be collected in the state.]

Assumpsit on several bills of exchange, drawn by the defendant [James Swan] in Paris, payable in Boston. On some of these bills the plaintiffs [Cyrus B. Picquet and another] declared as indorsees; on others they declared as having been indorsed to one Jean Claude Picquet, the father of the plaintiffs, in his lifetime, and afterwards he died; and the plaintiffs being his right heirs, by the law of France, "accepted the heirship with the benefit of an inventory," whereby they became, by the laws of France, "the beneficiary heirs and administrators of the estate" of the said J. C. Picquet at his death, "and joint and lawful and only proprietors" of these bills of exchange. The plaintiffs were described in the writ, "as aliens and beneficiary heirs of Jean Claude Picquet." The defendant pleaded in abatement of the suit two pleas: 1. That no probate had ever been made in any probate court of Massachusetts of any last will or testament of Jean Claude Picquet, nor any administration there taken upon his estate; nor were the plaintiffs administrators thereof under any administration taken in any of the United States. 2. That there is a misjoinder of different causes of action in the same suit, viz. some causes in the plaintiffs' own personal right, and others in their capacity as administrators, executors or heirs of Jean Claude Picquet. The plaintiffs demurred to both pleas, and there was a joinder in demurrer.

---

[1] [Reported by William P. Mason, Esq.]

J. T. Austin, for plaintiffs.

Argued that the first plea was bad as to some of the counts, as they were founded on indorsements to the plaintiffs personally. But all the counts are founded on the personal right of the plaintiffs. By the law of France the absolute property is vested in them; and the lex loci governs in such a case. 2 Bos. & P. 232; 4 Term R. 184; 3 Ves. Jr. 200; 1 Bin. 346; 4 Johns. Ch. 460. Persons may take by operation of law, and in such case may sue in their own names, as proprietors, as by virtue of marriage. Dalrymple v. Dalrymple, 2 Hagg. Ecc. 54. So foreign assignees, in cases of bankruptcy, may sue in their own name and right here, or at their election, in that of the bankrupt. 4 Johns. Ch. 460; 1 East, 10; 13 Mass. 146. The averment in the writ, as to the plaintiffs' right as administrators, is misunderstood. They are asserted to be beneficiary heirs, and administrators, and joint proprietors. Administration cannot be taken out by the plaintiffs here. They are not in the country. Our probate courts have but a limited authority to grant administration, when there is estate left here. The plea does not state, that J. C. Picquet left any estate here. These bills are not estate in Massachusetts. The second plea is not well founded. The plaintiffs do not claim as administrators of the deceased, but in their own right. There is no misjoinder of counts. If there were a misjoinder, the suit would be abatable only as to part, and good as to the rest. 2 Dow. 230.

W. Sullivan and Mr. Prescott, for defendant,

Argued that, if there was a misjoinder, the whole suit must be abated, for it was fatal to the whole. Com. Dig. "Abatement," G. 4; "Action," G; Hob. 88; 2 Lev. 110; 1 Salk. 10; 3 Inst. Cler. 121; Story, Eq. Pl. 54; 2 Saund. 209, note. The plaintiffs sue in the third and fourth counts in a representative character. The money if recovered will be assets. They do not pretend in these counts to sue as indorsees. If not, how otherwise can they sue, than as representatives of the deceased? By the French law "beneficiary heirs" are in fact administrators. Code Nap. arts. 718, 724, 731, 739, 774, 775, 778, 782, 784, 788, 793, 796, 802, 803, 807, 814, 815–842; 1 Domat. bk. 3, tit. 2, §§ 2, 3. An administrator sues as owner, but it is also in autre droit. Here the attempt is to vest a right to sue by succession, which would only be by assignment by the ancestor while living. This contract being to be executed in Massachusetts must be governed by our law. 8 Term R. 496; 2 W. Bl. 1269. The case of assignees is essentially different. American decisions are not uniform even on that subject in favour of the right of the assignees. 4 Johns. Ch. 460; 20 Johns. 254; [Harrison v. Sterry] 5 Cranch [9 U. S.] 289. If property passes by assignment, still the assignees must sue in the name of the assignor of a chose in action. A debt due to an assignee personally and a debt due to a bankrupt cannot be joined in one suit. Cowp. 569; 2 Johns. 342; 1 Johns. 127; 3 Wils. 371.

STORY, Circuit Justice. It is not necessary to consider, how far the pleas in abatement are exact in their form, nor whether both can be pleaded successively to the writ. The substance of the objections raised upon the pleadings is, 1st. that there is a misjoinder of different causes of action, some in a personal and some in a representative character; 2d. as to the causes of action in a representative character, that no administration has been taken out in any court of probate of this state. The first objection, though it is pleadable in abatement, is fatal also in every stage of the suit, if well founded. Com. Dig. "Abatement," G 4; "Action," G 1; Chit. Pl. 206, 444. The last is properly pleaded in abatement; for if the defendant pleads in bar, it is an admission, that the plaintiffs are competent to sue in their representative character, if they state such character. In the present suit some embarrassment might arise, because the representative character is not set forth in the technical language of the common law.

Some doctrines are so well settled, that they need only to be stated to command assent. Such is the doctrine, that in Massachusetts no foreign administrator can maintain any suit without taking out administration in our courts of probate. That principle is obligatory upon this court sitting in the administration of local law. The fact, that no such administration has been taken out by the plaintiffs is admitted by the demurrer; and therefore the only inquiry is, whether upon the pleadings the first objection is maintained. In other words, are any of the causes of action in point of law brought in a representative character? It appears to me, that those in the third and fourth counts clearly are so, and can be maintained upon no other ground. I lay no stress upon the language of the writ, describing the plaintiffs "as aliens and beneficiary heirs of Jean Claude Picquet." That allegation may be gotten over as mere matter of personal description. But the third and fourth counts allege, that the bills of exchange therein declared on were indorsed to J. C. Picquet in his lifetime, and belonged to him at his decease, and that the plaintiffs are his right heirs, and have accepted the heirship with the benefit of an inventory, according to the laws of France, and thereby have by the same laws become "the beneficiary heirs and administrators of the estate of J. C. Picquet," and as such, "the joint and sole proprietors" of the same bills. Now, if I am at liberty to examine into the French laws, I cannot but know, that this is precisely a description of an administrator in the sense of the common law. The civil law

throws the heirship and administration upon the heirs of the deceased; and the acceptance of it with the benefit of an inventory, is the same, as accepting it with a liability only for the debts of the deceased, coextensive with the assets coming into the hands of the heir. But the counts plainly state the death of the holder of the bills, and the right asserted is a derivative right under him by operation of law after his decease. It is therefore not a personal right of the plaintiffs upon the transfer inter vivos; but a right claimed in virtue of a representation of the deceased under the French laws, which makes the plaintiffs successors to the property in the bills. Under these circumstances the plaintiffs must be deemed to sue here, as administrators of the property of the deceased; and therefore the objections are maintained in their fullest extent. There is a misjoinder of counts and the want of a rightful administration under our laws. The French laws may prescribe how rights shall pass to property of the deceased in that country; and we, out of comity, may recognise the like rights as to his property here. But the mode of instituting and pursuing remedies must be decided by our laws. Judgment must be for the defendant on the demurrers. Judgment accordingly.

[NOTE. Subsequently Cyrus B. Picquet sought by foreign attachment to subject to the payment of his claim certain property before conveyed by James Swan to his wife, who at this time was deceased, having conveyed the same for the benefit of her three daughters. The case against the trustees was dismissed. Case No. 11,133. Later it was held that Swan had not been properly served with process. The action was dismissed. Id. 11,134. Antonio F. Picquet then, as administrator of his deceased father, Jean Claude Picquet, filed his bill in equity against Swan and the other defendants in the attachment case. Swan, being out of the jurisdiction of the court (in France) refused to appear and answer. The case was heard upon motion to dismiss because of the inability of the plaintiff to procure the necessary parties before the court. Before granting the motion the plaintiff was allowed additional time in order to procure Swan's appearance. Id. 11,135. Swan died in 1831, and after his death a judgment at law was obtained against his administrator. Case unreported. A motion for a new trial was overruled. Case No. 11,131.]