# SUPREME JUDICIAL COURT,

##### FOR THE

## COUNTY OF HAMPDEN, SEPTEMBER TERM 1869,
## AT SPRINGFIELD.

##### PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. JAMES D. COLT, } Justices.
Hon. SETH AMES,

---

## ANDREW PINNEY, administrator, *vs.* EBENEZER P. McGREGORY & others.

*It seems,* that no particular amount of property is necessary to give the probate court jurisdiction to grant original administration in this Commonwealth.

A debt due to a resident of another state from a person who removes into this Commonwealth after such creditor's death, will authorize the probate court of the county into which the debtor has removed to grant administration on the estate of the creditor.

The payee of a promissory note who indorses it for the accommodation of the maker may take it up at maturity without waiting for demand and notice as indorser, and sue the maker thereon.

CONTRACT by the plaintiff as administrator of the estate of Rufus G. Pinney, against McGregory and John C. Stanton and Daniel Stanton, upon several promissory notes made by the defendants, payable to the order·of the intestate, and overdue Writ dated November 27, 1867. McGregory was defaulted.

The other defendants answered, denying the signature and consideration of the notes, and leaving the plaintiff to prove his appointment as administrator.

At the trial in the superior court, before *Putnam*, J., the signature of the notes was conceded, and evidence was introduced of the following facts :

The intestate was born and lived at Stafford in the state of Connecticut, and died there on the 9th of September 1860. The plaintiff was his son, and was duly appointed administrator in Connecticut in October 1860, and acted as such. In June 1860 he removed to and ever since resided at Palmer in this county. At the time of his removal, he brought with him, with his father's consent, an old leather trunk, belonging to his father, worth about five dollars ; and this was the only property which his father left in Massachusetts. The plaintiff found the notes in suit among his father's papers at his house in Connecticut soon after his death, and took possession of them soon after being appointed administrator in Connecticut.

The plaintiff, on June 3, 1867, presented a petition to the judge of probate for this county, representing that Rufus C. Pinney, who last dwelt in Stafford, Connecticut, died on September 9, 1860, intestate, possessed of goods and estate in this county, remaining to be administered ; and that the petitioner was his son, and on October 3, 1860, had been appointed his administrator at said Stafford ; and praying that he might be " appointed administrator of the estate of said deceased, there being parties resident in this Commonwealth, indebted to said deceased intestate, in addition to the goods and estate aforesaid." He afterwards filed in the probate court an affidavit that he had in his possession at Palmer, at the time of the intestate's death and ever since, one leather trunk of the value of five dollars, the property of the intestate. Upon this petition, the judge of probate, on August 6, 1867, passed an order by which, " it appearing that said deceased left estate in said county of Hampden to be administered, and that the petitioner is a son of said deceased, and that the widow and other next of kin are assenting, it is decreed that the petitioner be appointed administrator

of said estate, he first giving bond with sufficient sureties for the due performance of said trust." And a bond was accordingly given and approved.

The defendant McGregory resided at Stafford at the time of the intestate's death and until 1865, when he took up his residence at Longmeadow in this county, but this was not known to the plaintiff when he took out administration in this Commonwealth. The other defendants, at the time of the commencement of this action, and for two or three years previously, resided in the counties of Middlesex and Norfolk in this Commonwealth, but never in this county. There were no creditors of the intestate in this Commonwealth.

The plaintiff also introduced evidence that the defendants, being desirous of obtaining a loan of money for business purposes, applied for it to Samuel Johnson, at Windham, Connecticut; that he declined to let them have it upon their own responsibility, but agreed to furnish it if they would give him Rufus G. Pinney's indorsement; that thereupon the notes in suit were made, and signed by the defendants, and then indorsed by the said Pinney, and were then taken by the defendants and delivered to Johnson, who paid them the amount, less a discount of interest; and that said Pinney had subsequently paid Johnson, and taken up the notes. No evidence was offered of any demand having ever been made on the defendants, or notice given to said Pinney as indorser of the notes.

Upon this evidence, the defendants contended that the plaintiff could not maintain this action; first, because he had not been legally appointed administrator of the intestate, as the probate court for this county had no jurisdiction; and secondly, because the notes were without consideration as between the original parties thereto, and the alleged payment thereof by the intestate, in the absence of any demand, notice or protest, was gratuitous and in his own wrong. The judge so ruled, and directed the jury to return a verdict for the defendants, and reported the case to this court. If this ruling of the court was correct upon either point, judgment was to be entered upon the verdict; but if the plaintiff was duly appointed administrator in

this county, and was also entitled to maintain his action upon the foregoing evidence, then the verdict to be set aside and judgment entered for the amount of the notes and interest.

*M. P. Knowlton & G. M. Stearns*, for the plaintiff.

*E. Merwin*, for the defendants.

GRAY, J.   This action is brought by the plaintiff as administrator of Rufus G. Pinney, to recover the amount of several promissory notes, signed by the defendants, and payable to the order of the intestate.   The defendants rely upon two grounds of defence; 1st. That the plaintiff cannot maintain the action, because he has not been duly appointed administrator in this Commonwealth; 2d. That the intestate himself never had any cause of action.

1. The first of these objections presents an interesting question of probate jurisdiction.   The record of the probate court of this county does not show whether it assumed jurisdiction upon the ground of personal property of the intestate being within the county, or of the residence of one of his debtors therein.   If either of the facts proved was sufficient to support the jurisdiction, even if it was not brought to the notice of the judge of probate, his grant of administration is conclusive.   *Harrington* v. *Brown*, 5 Pick. 519.   *Emery* v. *Hildreth*, 2 Gray, 228.   But if the facts necessary to give jurisdiction did not exist, the grant of administration is wholly void.   *Holyoke* v. *Haskins*, 5 Pick. 20; *S. C.* 9 Pick. 259.   *Crosby* v. *Leavitt*, 4 Allen, 410.

In England, it is necessary, in order to authorize any ecclesiastical court, except that of the diocese in which the intestate dies, to grant letters of administration, that he should have left notable goods, *bona notabilia*, to the extent of five pounds at least, elsewhere than in that diocese.   1 Williams on Executors, (5th ed.) 266 & seq.   But we are not aware that any particular amount of property has ever been held requisite to sustain a grant of original administration in Massachusetts.   The statutes of the Province specified no limit in the case of original administration, although they provided that no administration *de bonis non* should be granted " unless oath be first made that there are *bona notabilia* or a personal estate of four pounds value

administered on, or there appear to be debts of the like or a greater value not satisfied." Prov. Sts. 4 W. & M. (1692'; 6 Geo. I. (1719); 9 Geo. I. (1723); Anc. Chart. 230, 425, 434. The first statute of the Commonwealth on the subject was substantially similar. St. 1783, c. 36, §§ 8, 10. If a like limit had been applied in practice to all administrations, Mr. Dane would hardly have said, "Bona notabilia; a term technically used in England only." 8 Dane Ab. 79. The more recent statutes give jurisdiction to the probate courts in each county to grant administration on the estates of persons deceased, being inhabitants of or residents in the same county at the time of their decease, or having died without the Commonwealth and leaving estate of any kind to be administered within the same; with the single restriction upon original administration, that it shall not be granted after twenty years from the death; and upon administration de bonis non, that it must appear to the judge of probate that there is personal estate to the amount of twenty dollars or upwards, or unpaid debts amounting to as much. St. 1817, c. 190, §§ 1, 17. Rev. Sts. c. 64, §§ 3, 13, 14; c. 83, § 5. Bancroft v. Andrews, 6 Cush. 495. Gen. Sts. c. 94, § 3; c. 101, § 1; c. 117, § 2. In Harrington v. Brown, 5 Pick. 521, the court said that anything corresponding with bona notabilia in England would be sufficient to give jurisdiction to the judge of probate; but the question whether any particular amount of property was necessary was not discussed or decided. And it is unnecessary in this case to determine the question whether the trunk in the possession of the administrator was sufficient property in this county to give validity to the letters of administration granted here. We prefer to rest the jurisdiction of the probate court upon the residence of a debtor to the intestate in this county at the time of the grant of administration.

By the law of England, simple contract debts due to the deceased are bona notabilia in the diocese where the debtor resides. It is said indeed in the text books of approved authority, that the debtor must have resided there at the time of the intestate's death, though we do not find that this has been expressly ad-judged. 1 Williams on Executors, 279, and authorities cited.

The canons of 1 James I. (1603) upon the subject however speak of the deceased being "at the time of his death" possessed of goods and chattels or good debts in any other diocese or peculiar jurisdiction than that in which he died.   Ib. 267, 268.   But it is observable that, in the leading cases in the courts of common law, in which the administration granted in one county was declared void, the allegation was that the debtor resided in another county not only at the time of his death, but also ever since, or at the time of the grant of administration. *Yeomans* v. *Bradshaw*, Carth. 373 ;. *S. C.* 3 Salk. 70, 164 ; 12 Mod. 107 ; Comb. 392 ; Holt, 42.   *Hilliard* v. *Cox*, 1 Salk. 37 ; *S. C.* 2 Salk. 747 ; 1 Ld. Raym. 562 ; 3 Ld. Raym. 313.   And in the case of *Yockney* v. *Foyster*, cited and approved by Sir John Nicholl in *Scarth* v. *Bishop of London*, 1 Hagg. Eccl. 636, 637, in which the only effects within the province were brought there after the death of the party, Sir William Wynne held that, if the court of chancery had held a grant of probate there to be necessary in order to file a bill in equity to recover the property, the ecclesiastical court "in aid of justice" might grant letters of administration.

Our statute declares that "the probate court for each county shall have jurisdiction of the probate of wills, granting administration of the estates of persons who at the time of their decease were inhabitants of or resident in the county, and of persons who die without the state, leaving estates to be administered within such county." Gen. Sts. *c.* 117, § 2.   It does not in terms say "leaving estate in such county at the time of their decease."   The section embodies the Rev. Sts. *c.* 64, § 3, and *c.* 83, § 5, which were substantial reënactments of the St. of 1817, *c.* 190, §§ 1, 16.   In *Picquet, appellant,* 5 Pick. 65, the court held that the earliest of these statutes should receive a liberal construction, to enable the representatives of deceased foreign creditors to collect the debts of the deceased here in the only way in which by our laws they could be recovered, that is to say, through the power of administration granted by the laws of this Commonwealth : and that a debt due from a citizen of this Commonwealth to a foreign subject at the time of his death

should therefore be deemed estate left by him in this Commonwealth, within the meaning of that statute. The same rule of construction must be applied to this case.

Indeed the St. of 1817, *c.* 190, § 16, (which included the estaste of intestates already deceased, as well as of those who might die in the future,) would seem to point to the time of a petition for administration, rather than the time of the death, as the time at which there must be estate within the county, in order to give jurisdiction; for the words are, " when any person who has died or shall die intestate without the Commonwealth shall leave estate of any description within the same to be administered," letters of administration may be applied for as if he had died within the Commonwealth, and the judge of probate of any county " wherein such estate shall be found " shall have power to grant them. But it is not necessary to rely upon so narrow an argument.

Before that statute, the probate courts of the Commonwealth exercised the jurisdiction of granting administration on property belonging or debts due to persons residing abroad, in order to enable them to be collected in this state, because without such appointment no suit could be brought in Massachusetts for the assets or debts of the deceased, either in the courts of the Commonwealth or of the United States. *Goodwin* v. *Jones,* 3 Mass. 514. *Stevens* v. *Gaylord,* 11 Mass. 256. *Picquet* v. *Swan,* 3 Mason, 469. *Noonan* v. *Bradley,* 9 Wallace, 394. In *Dawes* v. *Boylston,* 9 Mass. 337, and *Wheelock* v. *Pierce,* 6 Cush. 288, it seems to have been assumed that a debtor or goods of the intestate coming or being brought into the Commonwealth after the death of the testator would give jurisdiction to support an administration. The *dictum* of Mr. Justice Bigelow in *Bowdoin* v. *Holland,* 10 Cush. 18, that " it is undoubtedly true that if the deceased had at the time of his death neither domicil nor assets within the Commonwealth, the judge of probate had no jurisdiction in the premises," is not to be taken in its strictest sense. It was there held that *primâ facie* evidence that a deceased nonresident had conveyed real estate in this Commonwealth in fraud of his creditors was sufficient to warrant the grant of

administration here, even if no similar grant had been made in the state of his domicil; and the question asked by the learned judge upon that point is equally applicable to this. "If the will is never proved in the place of the testator's domicil, and is purposely withheld from probate, have creditors in this state no means of procuring administration on their deceased debtor's estate, and thereby reaching his property here ? " To limit the power of granting administration to cases in which the goods are or the debtor resides in the Commonwealth at the time of the death of the intestate would be to deny to the creditors and representatives of the deceased, whether citizens of this or of another state, all remedy whenever goods are brought into this state, or a debtor takes up his residence here, after the death of the intestate. The more liberal construction of the statute is necessary to prevent a failure of justice.

2. The objection that the intestate had no cause of action in his lifetime is groundless. The putting of his name on the notes as indorser, by means of which the defendants were enabled to obtain full value for them, was a good consideration for the notes at their inception. After they had once been put in circulation, any person might purchase them from the holder, and, striking out all intermediate indorsements, sue the makers on the notes. The payee and first indorser has the same right to do this as any other person. *Ellsworth* v. *Brewer*, 11 Pick. 316.

*Verdict set aside ; judgment for the plaintiff.*