JOHN W. McKIM, Judge of Probate, vs. GEORGE A. DOANE
& others.

Suffolk. March 24. — May 9, 1884. DEVENS & COLBURN, JJ., absent.

An appointment of a trustee under a will, by the Probate Court, cannot be impeached, for an irregularity in the proceedings not affecting the jurisdiction of that court, in a suit in equity, under the Gen. Sts. c. 101, §§ 31-34, against the devisees and legatees of the sureties on the trustee's bond, but is to be regarded as a valid appointment.

A right of action against a trustee under a will, and the sureties on his bond, arises upon a demand by his successor for the trust fund and his refusal to pay over the same; and a suit in equity, under the Gen. Sts. c. 101, §§ 31-34, against the devisees and legatees of the sureties on the trustee's bond, brought more than a year after such demand and refusal, cannot be maintained.

If a right of action against a trustee under a will, and the sureties on his bond, has been barred by the failure of his successor to sue within the time limited by the Gen. Sts. c. 101, § 32, such bar cannot be removed, and a new right of action created, by a new demand upon the first trustee for the trust fund, made by the second trustee after a reappointment as such.

MORTON, C. J. This is a bill in equity, brought on September 5, 1881, under the provisions of the Gen. Sts. c. 101, §§ 31-34, against the devisees and legatees of Sarah P. Doane and of Isaac Emery, the persons last named being sureties on the bond of George A. Doane, who, on January 1, 1866, was appointed trustee under the will of Samuel B. Doane.

The statutes of the Commonwealth provide that, after the settlement of an estate by an executor or administrator, and after the expiration of the time limited for the commencement of actions against him by the creditors of the deceased, the heirs, next of kin, devisees, and legatees of the deceased shall be liable for all debts which could not have been sued for against the executor or administrator, and for which the creditor could not establish a claim to have funds retained for the purpose of paying them. But it is a condition of this liability that the action at law or suit in equity to enforce it must be "commenced within one year next after the time when such right of action accrues." Gen. Sts. c. 101, §§ 31-34. Pub. Sts. c. 136, §§ 26-29.

Prior to the year 1877, George A. Doane misapplied the trust fund, and the cestuis que trust had knowledge of the defalcation

early in that year. On February 25, 1878, George A. Doane, after due notice, was removed from his trust, and, on the same day, Sidney D. Shattuck was appointed trustee in his place. The decree appointing Shattuck was in the usual form, containing the recital, " all persons interested in said trust having been duly notified and assenting thereto, and no one objecting thereto." A letter of appointment was duly issued to Shattuck, who exhibited it to George A. Doane, and made a demand for the trust fund, within ten days after his appointment. Doane refused to pay over the trust fund, alleging that the appointment was invalid, because no notice was given to him; and that he was entitled to notice, being not only trustee, but also one of the *cestuis que trust* under his father's will.

Assuming that Doane was entitled to notice, and that the failure to give him notice was an irregularity in the proceedings, we think his remedy was by an appeal from the decree appointing Shattuck. The court had jurisdiction of the subject matter, and the appointment of Shattuck as a trustee cannot be impeached collaterally for an irregularity in the proceedings not affecting the jurisdiction.

In *Emery* v. *Hildreth*, 2 Gray, 228, which was an action by an administrator to recover a debt due to the estate, it was held that the defendant could not draw in question the decree of the Probate Court appointing the plaintiff administrator, upon the ground that notice was not given of his application for appointment.

In *Bassett* v. *Crafts*, 129 Mass. 513, it was held that, where the Probate Court appointed a new trustee, without notice to the parties interested, the sureties upon the bond of the new trustee could not impeach the validity of the appointment for this irregularity in the proceedings.

These cases go upon the grounds, that giving notice does not create the jurisdiction; that the court has jurisdiction upon other grounds; that the statute requiring notice relates to the form of the proceedings; and that, when the Probate Court has jurisdiction of the subject matter, the validity of its action can be tried only in that court, or in this court sitting as the Supreme Court of Probate.

We are therefore of opinion, that the appointment of Shattuck as trustee in 1878 cannot be drawn in question in this suit; and that it is to be regarded as a valid appointment. This view is decisive against the right of the plaintiff to maintain this suit. A right of action against George A. Doane and his sureties certainly existed after the demand by Shattuck and the refusal by Doane to pay over the trust funds ; and, as this was more than a year before this suit was brought, it follows that the suit must fail.

It is hardly contended that the new demand made by Shattuck in May, 1881, after his reappointment as trustee, has any effect upon the rights of the defendants. A right of action for the whole of the amount of the trust fund existed in 1878, and such new demand did not enlarge it or create any new right of action. The trustee had the same right of action before and after the demand. It is clear that he could not, by successive demands for the same claim, defeat the limitation of the statute. *Hall* v. *Bumstead*, 20 Pick. 2.

For these reasons, without considering the other questions raised by the report, the plaintiff cannot maintain his suit.

*Bill dismissed.*

*J. S. Patton,* for the plaintiff.
*J. Willard & F. L. Hayes,* for the defendants.