EDWARD McCOOEY, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.    October 1, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Judgment.    Probate Court.    Executor.*

The validity of the appointment of an administrator by a probate court having jurisdiction cannot be called in question by a railroad company in an action brought against it by the administrator under Pub. Sts. c. 112, § 212, for causing the death of his intestate.

Where a record of a probate court recites that the widow of the deceased and the guardian *ad litem* of the next of kin assented to the appointment of a certain administrator and on the petition and the writings upon and annexed to it no assent of the widow appears, but there is no proof that the probate court at the hearing upon the petition did not have before it other evidence, it will be presumed, under St. 1891, c. 415, § 4, R. L. c. 162, § 2, unless the contrary is shown, that a request in writing of the widow for the appointment of the administrator was before the probate court as the foundation of the recital in its decree.

TORT under Pub. Sts. c. 112, § 212, for causing the death of the plaintiff's intestate, one Joseph Jawnis or Ianvis. Writ dated May 18, 1900.

In the Superior Court *Gaskill*, J. refused to rule at the defendant's request that the plaintiff had failed to prove his appointment as administrator. The jury returned a verdict for

the plaintiff in the sum of $4,750; and the defendant alleged exceptions.

*W. C. Mellish*, for the defendant.

*A. P. Rugg*, for the plaintiff.

BARKER, J.    The defendant contends that the appointment of the administrator was void because a public administrator had a statutory right under Pub. Sts. c. 131, (R. L. c. 138,) to take letters of administration upon the estate of the deceased. But it was held in *Emery* v. *Hildreth*, 2 Gray, 228, where a similar contention was made, that in a suit between an administrator and a debtor of the deceased and as between those parties the appointment could not be drawn in question.    The decision was upon the ground that the Probate Court, as also was the fact in the present instance, had jurisdiction to appoint some administrator; that the defendant, as here, had no legal right in the question who should be appointed and no right to object to the appointment in the court of probate, and *a fortiori* none after it had been made; and that his rights could not be prejudiced by the appointment of a wrong person because payment to or a judgment for or against such a person before the appointment was revoked would be a full protection to the debtor.

*Emery* v. *Hildreth* has been cited often by this court and never with disapproval.    See *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, 92; *Waters* v. *Stickney*, 12 Allen, 1, 11; *Pinney* v. *McGregory*, 102 Mass. 186, 189; *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 248; *Boston* v. *Robbins*, 126 Mass. 384, 388; *Bassett* v. *Crafts*, 129 Mass. 513, 516; *McKim* v. *Doane*, 137 Mass. 195, 196; *Miller* v. *Miller*, 150 Mass. 111, 112.    In three of these cases, *Boston* v. *Robbins, Bassett* v. *Crafts*, and *McKim* v. *Doane*, the case of *Emery* v. *Hildreth* was followed by the court in holding that the appointment of a trustee by a probate court having jurisdiction to appoint a trustee could not be impeached in an action brought by the trustee, or in a suit upon the trustee's bond.    These decisions were made before the passage of St. 1891, c. 415, § 4, (R. L. c. 162, § 2,) which enacts that the probate courts shall be considered courts of superior and general jurisdiction as regards all matters in which authority is given to them, and that enactment certainly takes nothing from the authority of the decisions cited.    In our opinion, *Emery* v. *Hildreth* is a decisive authority against the contention of the present defendant.

Aside from this we are of opinion that the bill of exceptions shows a state of the evidence in which the ruling requested could not have been given.   We assume in favor of the defendant, without so deciding, that the failure of the public administrator to apply for letters for more than seven months after the death of the deceased did not prejudice his right to take out letters upon the estate, and that unless the widow or next of kin requested in writing the appointment of some other suitable person the public administrator was still entitled to the appointment when the petition of April 3, 1900, was filed; and that the writings upon and annexed to that petition did not constitute a . written request on the part of the widow or of the heirs for the appointment of the petitioner within the meaning of Pub. Sts. c. 131, § 3.    Still by the provisions of St. 1891, c. 415, § 4, and R. L. c. 162, § 2, the same presumption is to be made in favor of the proceedings of the Probate Court as would be made in favor of proceedings of other courts of superior and general jurisdiction.   The decree of the Probate Court not only appoints the petitioner, but it specifically recites that " the widow of said deceased and the guardian *ad litem* of the next of kin have assented."   There was no proof that the Probate Court at the hearing upon the petition did not have before it other evidence than the petition and the writings upon and annexed to it that the widow of the deceased had requested the petitioner's appointment in writing.   *Non constat* that such a written request was not before the Probate Court and was not the foundation of the recital in its decree.   If the validity of that decree could have been questioned by the defendant in the present case, the presumption in favor of the validity of the decree would have made it wrong to give the ruling requested upon the state of the evidence disclosed by the bill of exceptions, and without proof that when the Probate Court acted it had before it no other evidence than that disclosed by the bill of exceptions.

*Exceptions overruled.*