CLARA L. FERDEN *v.* FRANK A. DAVENPORT,
ET AL.

Middlesex, October, 1904.

*Probate Court — Jurisdiction — Statutory Heir — Assignment of $5,000 Estate — Pub. Stat. Chap. 124, Sec. 3, 17 — Guardian ad litem — Presumption of Regularity of Probate Proceedings.*

Title in this case is claimed under an assignment by the probate court to Annie E. Smith as statutory heir of one Daniel Smith late of Sudbury. Daniel Smith died testate, seized of this estate, devising it 'specifically to certain beneficiaries for life, with remainder to the heirs of two of them in fee. The widow waived the will, claimed the portion of his estate to which she would have been entitled if he had died intestate, filed a petition under the provisions of P. S. Chap. 124 alleging that the deceased left no issue living and praying for an assignment of his real estate in fee to an amount not exceeding $5,000, and obtained a decree reciting that all parties interested had been duly notified and that the deceased died without issue and ordering an assignment. This decree was contested by the executors on the ground that the probate court had no jurisdiction and that the deceased left issue, but the decree was affirmed, a warrant issued, and this estate was assigned to the widow. An agent was appointed for absent heirs, but there is no record of the appointment of a guardian ad litem to represent any person not in being to whom a remainder may have been devised. The assignment was confirmed by a decree which recited that all parties interested had had an opportunity to be heard.

The respondents are a remainderman under the will who was not in being at the time of the assignment, and a guardian ad litem appointed by this court to represent any other persons not yet in being to whom a similar interest may have been devised. They offer to show that no guardian ad litem was appointed in the probate proceedings, that said Smith did not die without issue, and that this estate was at the time of the assignment worth more than five thousand dollars; and it is agreed that the evidence offered, if competent, substantiates the fact that the testator left issue.

The jurisdiction of the probate court, however, was a jurisdiction consequent upon, or co-extensive with, its jurisdiction over the estate of the deceased. In the language of P. S. Chap. 124, Sec. 17, " the Probate Court having jurisdiction of the estate of said deceased shall cause such estate in fee to be assigned." Sigourney v. Sibley, 21 Pick. 101.

The " five thousand dollar " estate is not an estate to be created by the probate court if certain facts exist in a given case, but is an estate of inheritance, defined by its value until set off. Lavary v. Egan, 143 Mass. 389. Eastham v. Barrett, 152 Mass. 56.

The facts recited in the probate court's decree, and which the respondents offer in this case to controvert, were not facts necessary to the jurisdiction of the probate court, but facts to be adjudicated upon in that court.

While proceedings in the probate court are undoubtedly proceedings in rem or quasi in rem, the scope and binding effect of those proceedings and the adjudication therein may be expressly defined or limited by statute. Where no express provision for notice is given, nor express limitation is placed upon the scope of the adjudication, the notice to be given is left to the discretion of the court, and all persons are bound by the adjudication whether they receive actual notice or not. Bonnemort v. Gill, 167 Mass. 338. (Note, and see Cleaveland v. Draper, 194 Mass. 118.) If there was no such

express provision for notice, or statutory limitation as to the effect of the decree, then these respondents would be clearly concluded by the proceedings in the probate court. Pierce v. Prescott, 128 Mass. 140. Harris v. Starky, 176 Mass. 445. McCooey v. N. Y., N. H. & H. R. R. Co., 182 Mass. 205.

There are, however, various statutory provisions relating to the conclusiveness of different probate proceedings. The persons upon whom partition by set-off shall be conclusive are expressly enumerated, and it is expressly provided that all other persons may pursue their legal remedies as if the proceeding in the probate court had not been had. Acts of 1882, Chapter 6. P. S. Chapter 178, Sec. 63, R. L. Chapter 184, Sec. 45. Partition by sale is made conclusive only on all parties to the proceedings for partition and those claiming under them. R. L. Chap. 184, Sec. 47. The set off of the $5,000 estate under the provisions of the act of 1889 is made binding upon all parties and privies thereto. Acts of 1889, Chap. 234. Moreover, notwithstanding the general provision in R. L. Chap. 184, Sec. 45, that the partition shall be conclusive on all heirs and devisees of the deceased, it is further provided by Section 36 that the court shall appoint a disinterested person to act for any heir or devisee absent from the Commonwealth; and where the record of the proceedings failed to show that an agent was appointed for an absent heir the partition was held to be void as against him in a collateral proceeding. Smith v. Rice, 11 Mass. 507.

Under the provisions of the statute in force when the probate proceedings in this case were begun, when remainders in premises to be divided are devised to persons not in being at the time of the application for partition, notice shall be given to the parents of such persons, and the court shall appoint a person to act as the next friend of such persons not in being in all proceedings touching the partition. " The

partition made in such case shall be conclusive upon all persons to whom such remainder is devised as if they had appeared and answered in the case." P. S. Chap. 178, Sec. 70.

There is a very similar provision in the statute providing for the sale of estates subject to remainder, (P. S. Chap. 120, Sec. 20) and this latter provision has been held to be mandatory, non-compliance therewith rendering the decree invalid as against a person not then in being and having a contingent interest in the estate for whom a guardian ad litem was not appointed before the decree. Pratt v. Bates, 161 Mass. 315. It has been also held, with regard to P. S. Chap. 178, Sec. 70, that, notwithstanding the mandatory language of this section in regard to notice, the notice is not essential, or a condition precedent to the right of a petitioner to have partition, but the question upon whom such partition will have a conclusive effect was in that case not determined. Taylor v. Blake, 109 Mass. 513.

It is suggested by Judge Fuller in his notes to P. S. Chap. 178, Sec. 52, and R. L. Chap. 184, Sec. 36, (see both editions of Fuller's Probate Law) that the proceedings in the probate court call for two decrees, each separate, independent and final; one that the partition shall take place, and the other that the partition as made shall be confirmed; and that provisions for notice of the proceedings before the commissioners do not apply to the proceedings before the court on the preliminary question, the statute assuming that the court in its parental character will guard such interests while the proceedings are wholly in its presence. But this particular provision of P. S. Chap. 178, Sec. 70, applies by its terms to the appointment of a next friend to appear and act " in all proceedings touching the partition; " and Section 17 of Chapter 124 provides that the probate court shall assign the estate " in the same manner as in other partitions of lands of persons deceased."

It seems to me that the provisions of P. S. Chap. 178, Sec. 70, are also mandatory and explicit, and that if failure to comply with them were shown, these respondents would, as matter of law, not be concluded by the proceedings in the probate court. The petitioner contends however that it must be presumed, under the provisions of the presumption of regularity act of 1891, that these provisions were complied with. Acts of 1891, Chap. 415. R. L. Chap. 162, Sec. 2.

Prior to the act of 1891 it may safely be assumed that where the record of the probate court failed to. show the appointment of a next friend, or affirmatively showed that such appointment did not precede the decree, in either case the proceedings would be held invalid in a collateral proceeding as against such interest. Smith v. Rice, 11 Mass. 507. Pratt v. Bates, 161 Mass. 315. Since the passage of that act, however, Judge Fuller is of opinion that if no irregularity affirmatively appears on the record, such a decree could not now be overthrown in a collateral proceeding. Fuller, Probate Law, pp. 394, 451.

Whether a presumption of regularity can cover a presumption of jurisdiction, as intimated by Judge Fuller, we need not enquire, for in this case the court had jurisdiction. The only question is whether the respondents were parties. The only offer of proof is as to facts, which, had they been proved in the probate proceedings would have necessitated a different adjudication and decree in the probate court. But if that court had jurisdiction, and the respondents were, or must be presumed to have been, parties to its proceedings, they are concluded by them.

I find no case directly in point, although it would appear from the original papers and briefs in the recent case of McCooey v. N. Y., N. H. & H. R. R. Co., 182 Mass. 205 that the dictum in that case was intended specifically to cover the question now at bar.

Such a presumption may, as in this case, be contrary to

the probable facts, and, if so, virtually nullify the previously existing effect of P. S. Chap. 178, Sec. 70, but it must be assumed that the legislature in passing the Act of 1891 deemed it for the public interest that full reliance might be placed upon the adjudication and decree of a court having full jurisdiction of the case, rather than that the validity of titles under probate proceedings should be left open to the hazard of a complete regularity of record. The act of 1891 does not purport to be confined, nor is it necessary that it should be confined, as suggested by the respondents, to a presumption as to future probate proceedings; it provides rather a presumption for the future as to all probate proceedings. On the whole I think that under the Act of 1891 it must be presumed that the provisions of P. S. Chap. 178, Sec. 70, were complied with by the probate court, and that the respondents are, therefore, concluded by those proceedings.

The only remedy of the respondents, if any, is by petition to the probate court for a revocation of its decree. McCooey v. N. Y., N. H. & H. R. R. Co., *supra*. (Note, and see Tobin v. Larkin, 187 Mass. 279.)

Decree for petitioner.

J. O. Teele and F. F. Gerry for petitioner.

Wilfred Bolster for respondents.