## ALFRED V. LINCOLN, TRUSTEE, PETITIONER.

Suffolk, February, 1908.

*Trust — Jurisdiction of Probate Court — Life Estate and Remainder.*

Title in this case comes in part under the will of one Fannie M. Lincoln as the owner of one undivided half thereof, who, after the payment of all her just debts, devised and bequeathed " all the rest, residue and remainder of all property, both real, personal and mixed, of which I shall die seized and possessed, to my son Walter, to have and to hold the same to and for his use and benefit, but for and during the term of his natural life only, with full right to take and use during his life as aforesaid all rents, profits and income thereof, but upon his decease leaving issue lawfully begotten, I devise and bequeath all the said property to such issue of my said son equally, share and share alike, the issue of any deceased child taking its parent's share by right of representation; but if my said son Walter shall die without lawful issue then I devise and bequeath all said property to my heirs-at-law and next of kin then living according to the laws of inheritance and distribution then existing, in the same manner as though I had survived to that date and then died intestate."

The will was duly probated, and thereafter one Chester R. Lawrence presented a petition to the probate court in the county in which the will had been probated, representing that the testator had given certain property by her said will to said Walter for his natural life, " and appointed no person trustee thereof in the meanwhile," and praying that he

be appointed trustee thereunder.  Said Walter assented, and
thereupon the petition was granted, letters issued, and bond
with sureties was filed and approved.  The trustee filed
an inventory showing "personal estate, none; real estate
(describing locus) $5,000."  Thereafter an attempt was
made to place title to locus in the wife of said Walter by
means of an executor's sale for payment of debts, and also
through a sale made by the trustee under license of the pro-
bate court, and licenses were obtained, and deeds passed
accordingly.  The proceedings were attacked, however, by a
creditor who filed a petition to revoke the license, and a bill
in equity to have the conveyances set aside.  Decrees favor-
able thereto were obtained, in the course of which the probate
court affirmed its jurisdiction in equity to deal with the
matter, and on appeal to the supreme court the decrees were
affirmed by agreement of parties.  Subsequently said Law-
rence resigned and the petitioner was appointed trustee by
the probate court in his place.  The petitioner then applied
to the probate court for a new license to sell, which petition
is still pending.  In none of the probate proceedings was a
guardian ad litem appointed for possible unborn or unascer-
tained remainder men under the will.

The examiner questions the petitioner's power to dispose
of this estate in fee simple on the ground of lack of juris-
diction of the probate court, suggesting that under the will
there is no trust, but merely a life estate with a remainder.
A guardian ad litem appointed in this court for possible
unascertained remainder men under the will, in a careful
report, makes the same contention.

The general policy of the law is to uphold the jurisdiction
of the courts, and this court is extremely reluctant to ques-
tion the jurisdiction of the probate court.  It is not advan-
tageous that titles coming under probate proceedings should
be open to attack in collateral suits, and to a considerable
extent the legislature has modified even the small number of

cases in which such attacks could formerly be successfully made. Fuller, Probate Law, 2d Ed., p. 394-400; R. S. Chap. 83, Sec. 12, 13; Acts of 1891, Chap. 415, Sec. 4; R. L., Chap. 162, Sec. 2. Where the probate court has jurisdiction of the subject matter its decree cannot be attacked in collateral proceedings either as to the manner in which the power was exercised or as to lack or failure of notice to any of the parties. Jenks v. Howland, 3 Gray 536; Pinney v. McGregory, 102 Mass. 186; Bassett v. Crafts, 129 Mass. 513; McKim v. Doane, 137 Mass. 195; Bonnemort v. Gill, 167 Mass. 338; McCooey v. N. Y., N. H. & H. R. R. Co., 182 Mass. 205; Fuller, Probate Law, p. 396; Ferden v. Davenport, Land Court Decisions, p. 167, *ante*. The probate court is, however, a court of peculiar and limited jurisdiction, and while its powers within that jurisdiction are very broad and not subject to revision by any other court, (the supreme court in revising probate matters acting not as the supreme judicial court of general jurisdiction, but as the supreme court of probate) they are absolutely dependent upon the existence of the jurisdictional facts. Heath v. Wells, 5 Pick. 140; Jochumsen v. Suffolk Savings Bank, 3 Allen 87; Crosby v. Leavitt, 4 Allen 410; Aiken v. Morse, 104 Mass. 277; Conant v. Newton, 126 Mass. 105. Nor where jurisdiction is lacking can it be conferred or aided by consent of the parties or the fact that they were actually before the court. Sigourney v. Sibley, 21 Pick. 101; Conant v. Newton, *supra*. Furthermore, in the case at bar it must be noted that the interests represented by the present guardian ad litem were not represented before the probate court, nor, so far as appears, was the question of its jurisdiction ever suggested to that court. The only matter on which it passed in regard to its jurisdiction was as to its powers in the equity suit. Neither can the decree of the supreme court affirming the proceedings in the probate court be deemed to even impliedly cover the question now in issue. That decree was by

agreement of parties. Where the court has jurisdiction over the general subject, but exceeds its powers or passes on matters not necessarily involved or not tried and determined before it, the decree may be attacked in collateral proceedings. Bowdoin v. Holland, 10 Cush. 17; Jenks v. Howland, *supra;* Watts v. Watts, 160 Mass. 464; Fuller, Probate Law, p. 395, and cases there cited.

In the case at bar it seems clear on the face of the will that there was no trust. Where there is a devise of personalty for life and the law imports a trust, or where there is a devise of a mixed fund and the duties of the trustee under the will are such that the power of conversion is clearly necessitated or contemplated, the power or the trust will extend over the real estate; Dorr v. Wainwright, 13 Pick. 328; White v. Mass. Inst. of Tech., 171 Mass. 84, 96; May v. Brewster, 187 Mass. 524; but where there is simply a life estate and a remainder, even though there be in the bequest for life personalty as to which a trust will be implied and a trustee appointed, there is no trust as to realty. White v. Sawyer, 13 Met. 546; Hooper v. Bradley, 133 Mass. 303. There being no trust there is nothing to support the jurisdiction of the probate court, and therefore no removal of the title by operation of any statute into the trustee from the remainder men in whom it vested under the will.

The petitioner may secure an appointment by the probate court as trustee for sale under the contingent remainder statute, and the case may be continued to await such appointment; otherwise there must be an entry of petition dismissed.

So ordered.